(No. 14578.—Judgment reversed.)

THE SPRINGFIELD DISTRICT COAL MINING COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—
(ROSY ZARA, Defendant in Error.)

*Opinion filed June 21, 1922.*

1. WORKMEN'S COMPENSATION—*accidental injury must be the proximate cause of disability or death to authorize award.* Where the injury sustained is the proximate cause of the incapacity or death, compensation is to be allowed although there was a pre-existing disease if the disease was aggravated or accelerated by the accidental injury; but there must be a direct relation between the accident and the consequent disability or death.

2. SAME—*when evidence does not support award for death from disease.* Where an employee dies of acute lobar pneumonia, an award of compensation for the death as a result of a sprained back, which injury the employee received a few days before he contracted the pneumonia, is not justified, where the only evidence for the applicant is that of the attending physician, who testified that there was a possibility that the sprain may have been a pre-disposing cause to pneumonia but that in his opinion the injury had no connection whatever with the disease.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

T. W. QUINLAN, for plaintiff in error.

KERR, MACDONALD & MURPHY, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Rosy Zara presented to the Industrial Commission a claim for compensation for the death of her husband, Vincent Zara, alleged to have resulted from an injury received in the employ of the plaintiff in error, the Springfield District Coal Mining Company. At a hearing before an arbitrator it was stipulated that both parties were subject to the provisions of the Workmen's Compensation act; that the

earnings of Zara for the year preceding his injury were $1248, and that the only question in dispute was whether or not his injury caused his death, and if so, who were the beneficiaries and the amount of compensation they were to receive. It was proved that Zara left the applicant, his widow, and five children under sixteen years of age.

The only evidence of an accidental injury and the cause of death was the testimony of C. McMahon, a doctor who attended Vincent Zara. The doctor testified that he first saw Zara on December 18, 1920, and he was then suffering from a sprained back, in the lumbar region, which he said he had received in lifting an empty car on the track on December 17. The doctor strapped his back and did not see him again until December 22, when he was suffering with acute lobar pneumonia. During the time from December 18 to 22 the doctor did not know what Zara was doing, but on December 22 he had an initial chill, which is usual in pneumonia and which was the first indication of the disease. There was complete consolidation of the lower lobe of the lung some distance from the sprain in the back, and the doctor said that there was nothing in the history of the case or the condition of Zara that would in any way connect the injury with the pneumonia; that Zara had had asthma for several years before the accident; that his general condition was not good, but he was a sick man and had asthma and was never good in the chest. The witness said there was a possibility that the weakened condition of Zara might have predisposed him to pneumonia, but he did not, at the time he treated him nor at the time of the hearing, think that the sprained back had anything to do with his death; that the injury was not sufficient to cause the death and he might have had pneumonia if he was not injured, and in his opinion he would not have survived pneumonia in the condition he was in if there had been no injury. Zara died on December 27, and the opinion of the doctor was, both at the time when he treated him and at the time

of the hearing, that there was no connection whatever between the sprain of the back and the death.

The arbitrator made an award of $12 per week for 333⅓ weeks, and on a review by the Industrial Commission the award was affirmed. On a writ of *certiorari* from the circuit court of Sangamon county there was a hearing in December, 1921, after the amendment of 1921 was in force and when the court was authorized to review the evidence. (*Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90.) The award was confirmed by the circuit court and a writ of error was allowed by this court.

The Workmen's Compensation act secures to an employee compensation for accidental injuries suffered in the course of his employment, and in case of his death from such an injury provides for compensation to specified beneficiaries. If death is fairly chargeable to an accident suffered in the course of the employment as an efficient cause compensation may be awarded, and the previous physical condition of the employee does not affect the right. So long as the injury sustained is the proximate cause of the incapacity or death, compensation is to be allowed although there was a pre-existing disease, if the disease was aggravated or accelerated by the accidental injury; (*Big Muddy Coal Co.* v. *Industrial Board,* 279 Ill. 235; *Wabash Railway Co.* v. *Industrial Com.* 286 id. 194; *Jakub* v. *Industrial Com.* 288 id. 87; *Spring Valley Coal Co.* v. *Industrial Com.* 289 id: 315; *Rockford City Traction Co.* v. *Industrial Com.* 295 id. 358;) but there must be a direct relation between the accident and the consequent disability or death. (*Lawrence Ice Cream Co.* v. *Industrial Com.* 298 Ill. 175.) Liability cannot be based upon a choice between two views equally compatible with the evidence. (*Peterson & Co.* v. *Industrial Board,* 281 Ill. 326; *Ideal Fuel Co.* v. *Industrial Com.* 298 id. 463.) In this case there is not even a choice between two views equally compatible with the evidence, but the only evidence as to the injury and its consequences

was the testimony of the applicant's witness, who said that there was no connection between the accidental injury as a moving cause and the death. The most that the doctor was willing to say was that there was a possibility, due to the weakened condition of Zara from pre-existing disease and increased weakness from the sprain, that the sprain may have been a predisposing cause of pneumonia, but in his opinion there was no connection whatever. There was an entire failure to prove that the death of Zara was due to an accidental injury suffered in the course of his employment by the plaintiff in error.

It is apparent that no further evidence can be produced to establish a claim under the terms of the Workmen's Compensation act, and therefore the judgment is reversed.

*Judgment reversed.*

---

(No. 14499.—Appellate Court reversed; municipal court affirmed.)
THE COMMONWEALTH TITLE INSURANCE AND TRUST COMPANY, Exr. Defendant in Error, *vs.* WILLIAM L. GREGSON, Plaintiff in Error.

*Opinion filed June 21, 1922.*