(No. 15665.—Reversed and remanded.)

THE PERRY COUNTY COAL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM T. HEFFINGTON, Defendant in Error.)

*Opinion filed February 19, 1924.*

WORKMEN'S COMPENSATION—*when the evidence does not show pneumonia was result of an accidental injury.* Where the evidence shows that an employee became ill with pneumonia immediately after contracting a cold by taking a cold bath, an accidental injury to the employee's side, received three weeks before, cannot be said to have been the cause of the disease, where there is no medical or other testimony in the record that in any way connects the disease with the injury received, except the testimony of the employee that the pain in his side continued to bother him.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. L. E. BERNREUTER, Judge, presiding.

M. C. YOUNG, (BURTON & HAMILTON, of counsel,) for plaintiff in error.

W. J. MACDONALD, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, William T. Heffington, on October 30, 1920, was injured in the mine of plaintiff in error by running into what is known as a "jack-pipe," whereby he received an injury to the right side of his chest. It appears that while working in the mine his light went out and in the darkness he ran against this iron pipe, receiving an injury which caused him to leave his work. He started out of the mine and on the way out met Roberts, the face boss, and told him that he was injured in his side by running against a jack-pipe. He returned to work the next day and continued his work for some three weeks thereafter, although he said that his side was sore during all that time and that he occasionally spat up blood. On the 23d of No-

vember, some twenty-four days after the injury, he was taken ill with pneumonia. He testified on the hearing that on the evening of the 22d he had gone to the wash-house to take a bath; that while so engaged the hot water was shut off and he had to continue his bath with cold water; that as a result he took cold; that he came back to work the next day but had to quit on account of illness; that he was thereafter severely ill with pneumonia and confined to his bed for a number of weeks. He made application before the Industrial Commission for compensation. The arbitrator entered an award at the rate of $15 per week for 266⅔ weeks, a pension at the rate of $26.66⅔ per month, and an allowance of $85 for medical service. This award was confirmed by the Industrial Commission, and the circuit court of Perry county confirmed the finding and award of the commission except as to the item of medical services.

Defendant in error testified on the hearing on review before the commission that he was still very sore in his right side and unable to work; that when he attempted to work he suffered great pain.

The plaintiff in error contends that the finding of the commission that the applicant's disability resulted from injuries arising out of and in the course of his employment is unsupported by any competent evidence; that the employer is not responsible for any part of the disability that was occasioned by another independent agency that intervened after the accident; that in this case the applicant was struck on October 30 and continued work until November 22, on which day he took a cold bath and within a day or two thereafter was stricken with pneumonia; that the cold bath as an intervening agency was the exciting cause of disability. The plaintiff in error cites *Bunge Bros. Coal Co.* v. *Industrial Com.* 306 Ill. 582, in support of its contention that no liability exists against it. The rule announced in that case and numerous others is to the effect that the employee can recover only for a disability that is

caused entirely by the accident which he received in his employment, and that the employer is not responsible for any part of the disability that has been occasioned by another independent agency that has intervened after the accident. In *Bailey* v. *Industrial Com.* 286 Ill. 623, it was held that whether the accident was an independent intervening cause of the injury is a question of fact to be passed upon by the commission, and the question to be determined in this case is whether or not there was any causal connection between pneumonia and the injury received.

Dr. F. Reder, for plaintiff in error, testified before the arbitrator that his examination disclosed to him that defendant in error had not fully recovered from his injury when he took a cold bath on the 22d of November and became very ill with pneumonia. Dr. G. E. Hendrickson also testified for plaintiff in error that while the defendant in error complained of pain when he examined him, he did not believe that the pain was due to traumatism. On review before the commission Dr. Reder testified that in his opinion the cause of the continued pain was chronic disease of the appendix; that it was not in any way connected with the injury; that the disability of which he complained at that time was due to this disease and not to traumatism or pneumonia. There was no dispute of this evidence other than the fact that defendant in error was injured in the manner herein described.

In *Springfield District Coal Co.* v. *Industrial Com.* 303 Ill. 455, it was held that compensation for an injury as a cause of death, which injury was received a few days before the employee contracted pneumonia, is not justified where the only evidence for the applicant is that of the attending physician, who testified the sprain may possibly have been a disposing cause of the pneumonia but that in his opinion the injury had no connection with the disease. In this case, while the defendant in error testified that he had not recovered from his injury at the time he took the

cold bath, which, as it seems from all the evidence, was the immediate cause of a cold which developed into pneumonia, there is no medical or other testimony in the record that in any way otherwise connects that disease with the injury received. From the date of the injury, on the 30th of October, until the following 23d day of November, the defendant in error continued his employment without cessation, though, as he states, his side bothered him.

We are of the opinion that the rule laid down in the *Bunge Bros. Coal Co. case* is applicable here, and that the record does not sustain the position of defendant in error that there is a causal connection between the pneumonia and the injury received.

The judgment of the circuit court confirming the award will therefore be reversed and the cause remanded for further consideration by the commission.

*Reversed and remanded.*