FREDERICK McGILLVRAY, PROSECUTOR, v. THE COMMON COUNCIL OF THE CITY OF LINDEN ET AL., RESPONDENTS.

Argued May 3, 1927—Decided November 11, 1927.

Municipalities — Officers — Tenure — Street Commissioner Appointed for a Definite Term—Removal by Council Through Repeal of Ordinance Creating Office—Repealing Ordinance Recited the Lack of Need of Such an Office, but Immediately Appointed an "Inspector of Streets"—Commissioner was an Exempt Fireman—Held, That the Passage of the Repealing Ordinance was Political and Unlawful, and That the Prosecutor is Protected in His Office by Chapter 212 of the Act of 1911 Relating to Exempt Firemen.

On writ of *certiorari*.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *James B. Furber* and *Samuel Koestler*.

For the respondents, *Whittemore & McLean*.

PER CURIAM.

This case is before us on a writ of *certiorari*. The writ brings up an ordinance passed by the common council of the city of Linden on February 21st, 1927. On March 4th, 1926, the city of Linden had adopted an ordinance creating a street department and a street commissioner. The prosecutor of the writ, Frederick McGillvray, was appointed to the office of street commissioner for a definite term to expire December 31st, 1928. The November election in 1926 resulted in a political change in the city of Linden. Up to the November, 1926, election a Republican faction known as the McGillvray faction was in control. After the November, 1926, election a Republican faction known as the Winans faction became dominant.

The ordinance of February 21st, 1927, repealed the ordinance creating the office of street commissioner. The repealing ordinance recites that the office of street commissioner is not a necessary office required for the economical and efficient operation of the city of Linden, and that the payment of salary to the street commissioner is a needless expense. After the passage of the repealing ordinance one John Mesler, by resolution, was appointed inspector in the engineer's department at a salary of $200 per month. He was put into control over the streets.

The prosecutor contends that what was done was a mere subterfuge to get him out of his office as street commissioner. He insists in the first place that he is an exempt fireman and is protected under chapter 212 of the laws of 1911. The third section of this act provides that it shall not be lawful for any common council to abolish any position or office held by any exempt fireman for the purpose of terminating his service.

The testimony contained in the record convinces us that politics was the motive for the passage of the ordinance of February 21st, 1927. It was aimed at the prosecutor. There is no office in a city more necessary in these days of dense traffic than the office of street commissioner. The office of street commissioner was not, in our opinion, abolished for the reasons given in the flowery recitals contained in the preamble of the ordinance. The ordinance was enacted to deprive the leader of the losing faction of the office which he held. The one appointed under the title of inspector in the engineering department performed substantially the same work and received almost the same salary. It was the same office. The title was merely changed. A change of raiment does not change the man. A change in the title of an office does not of itself create a new office. The law cannot be evaded by the method pursued in the present case.

There are numerous cases in this state which condemn the practice followed in the case under consideration. *Carroll* v. *Bayonne*, 3 *N. J. Mis. R.* 308, is in point. We find as a fact that the action of the city counsel in passing the re-

pealing ordinance was political and unlawful, and that the prosecutor is protected by section 3 of chapter 212 of the laws of 1911 as an exempt fireman. The repealing ordinance passed February 21st, 1927, is set aside with costs to the prosecutor.