TEXAS EMPLOYERS' INSURANCE ASSOCIATION V. MRS. J. W. BURNETT ET AL.

No. 6871. Decided May 12, 1937.
(105 S. W., 2d Series, 200.)

*Calhoun & Marcus,* of Beaumont, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that Burnett would not have died from typhoid fever except for the injury sustained, because there was no evidence to raise such issue. Bramble v. Shields, 127 Atl. 44; Texas Traction Co. v. Nenney, 178 S. W. 797; Tanner v. Aluminum Co., 178 N. W. 69.

*Elton Cruse, Howth, Adams & Hart,* of Beaumont, for defendants in error.

The form and manner of submission of causation by the trial court was not error, at least not reversible error, the defendant having answered by general demurrer and general denial only. Humble Oil & Refining Co. v. McLean, 268 S. W. 179; Crawford v. El Paso Sash & Door Co., 288 S. W. 169; Commercial Standard Insurance Co. v. Noack, (Com. App.) 62 S. W. (2d) 72.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On August 26, 1930, J. W. Burnett, while in the course of his employment as an employee of Estelle Oil Company, was injured by a stroke on his forehead. Plaintiff in error, Texas Employers' Insurance Association, was the compensation insurance carrier. Burnett's claim for compensation was regularly acted upon by the Industrial Accident Board and an appeal taken to the district court, where he was awarded judgment for total permanent disability. On appeal, the Court of Civil Appeals reversed and remanded the cause on account of insufficient evidence to support a finding of total permanent disability. 52 S. W. (2d) 771. Application for writ of error was dismissed for want of jurisdiction by the Supreme Court. Pending this proceeding, J. W. Burnett died, the date of his death being September 11, 1931, a little more than a year after the injury. After final action by the Supreme Court on application for writ of error in the proceeding above mentioned, Mrs. J. W. Burnett and her children filed claim before the Industrial Accident Board for compensation for the death of J. W. Burnett. They were denied compensation, and an appeal was taken to the district court of Jefferson County. In that court judgment was in favor of Mrs. Burnett and her children against the plaintiff in error for compensation for 360 weeks, beginning September 11, 1931, at the rate of $17.30 per week. On appeal, the judgment of the trial court was reversed because of error in a charge, and the cause was remanded. However, upon the important question of whether or not Mrs. Burnett and her children were entitled to compensation because of the death of J. W. Burnett, the Court of Civil Appeals held that the evidence was sufficient to raise an issue of fact, and impliedly upheld a finding of the jury that the injury was the cause of the death of J. W. Burnett within the purview of the compensation laws of this State. A very full statement of all the evidence upon the point in question is set out in the opinion. 77 S. W. (2d) 742.

The Court of Civil Appeals made two statements which clearly define the question for decision. The first statement is as follows:

"Burnett died of typhoid fever, contracted about two weeks before his death, which was about eleven months after he was injured. Typhoid fever is a germ disease, and the fact that Burnett was injured on the 26th of August, 1930, contributed in no way to his contracting the disease, but, as a result of

his injuries, his 'personal' resistance was lowered, and the issue was raised by the evidence that his 'lowered resistance' was a 'producing cause' of his death."

Special Issue No. 1 was as follows:

"Do you find from the preponderance of the evidence that the injury received by J. W. Burnett on or about August 26, 1930, was the producing cause of the death of the said J. W. Burnett?"

To this question the jury answered "yes." Concerning this question and the charge of the court in connection therewith, the Court of Civil Appeals made the following statement:

"In the case at bar the typhoid fever was an intervening independent agency. Burnett died as a direct result of the typhoid fever, which was in no way produced or caused by the injury complained of. But this statement does not determine the issue in appellant's favor; the determinative inquiry was whether or not, but for the injury, Burnett would have died of the typhoid fever. The expert testimony given by the doctors made that issue one of fact for the jury, and the affirmative answer to the question quoted above constituted a regular chain of causation between the injury Burnett received on the 26th of August, 1930, and his death on the 11th day of September, 1931, making his death compensable within the purview of our Compensation Act.

"In connection with the issue quoted above, the court gave the following charge: 'In this connection you are instructed that the "producing cause" is such as naturally resulted in the death of said J. W. Burnett.' As the judgment of the lower court must be reversed for reasons hereinafter discussed, we do not discuss appellant's exceptions to this charge, but suggest that on another trial the court define 'producing cause,' as that term is used in the purview of our Workmen's Compensation Act, as that cause which, in a natural and continuous sequence, produces the death (or disability) in issue, and without which the death (or disability) would not have occurred."

So we have clearly presented the following question: Do the beneficiaries of a deceased employee have a right to recover compensation for death of the employee when the death is due directly to an independent intervening agency, having no connection with or relation to the original injury, although the injury may have to some extent reduced the power of resistance of the deceased, and in that manner contributed in some degree to his death?

We think the question is answered by our statute. Compensation for either disability or death must have for its foundation an "injury" received by an employee in the course of employment. Our compensation law has defined "injury" in this language: "The term 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally results therefrom."

1. It is thus seen that diseases which naturally result from an injury are themselves classed as an injury, and if an employee be incapacitated thereby, or if he die therefrom, compensation is allowed. On the other hand, it was held in the case of Buchanan v. Maryland Casualty Co., 116 Texas 201, 288 S. W. 116, that death by typhoid fever contracted by an employee as the result of impure water or food furnished by an employer is not compensable. It is pointed out, as was done in the case of Texas Employers' Insurance Association v. Jackson, (Com. App.) 265 S. W. 1027, that a disease which does not ensue by reason of an injury inflicted upon the body, that is, by "damage or harm to the physical structure of the body," is not compensable. It follows, therefore, that death by disease not naturally caused by the injury, but intervening as an independent agency, is not compensable. To be compensable the death must result from the physical injury or from disease or infection which naturally results from the injury. If there be no such disease or infection, as in the present instance, there can be no compensable death; unless the physical injury itself be the cause of the death.

2. Our statute in one or more instances uses in substance the expression "if death results from the injury," and in Section 16 of Article 8306 provides, "in all cases of injury *resulting in death,* when such injury was sustained in the course of employment, the cause of action shall survive." It is thus seen that the statute specifically provides that the death must be the result of the injury itself; or conversely, the injury must be the primary, active and efficient cause of the death.

Confusion has arisen by the use of the term "producing cause" as distinguished from the term "proximate cause" usually employed in negligence cases. The term seems to have originated in opinions where the question for decision was whether or not the *injury* was the proximate cause of the *disease* which produced the death, in the sense that it could or could not have been foreseen, or that it was or was not the natural, usual and ordinary result of the injury. 71 Corpus Juris, page 585, Sec-

tion 335; Travelers' Insurance Co. v. Smith, 266 S. W. 574; Travelers' Insurance Co. v. Peters, (Com. App.) 14 S. W. (2d) 1007, and cases cited in this latter opinion. The question was not, as here, whether or not the injury was the proximate cause of the *death,* there being no disease caused by the injury, and no pre-existing disease with which the injury might have concurred in producing death. It is not even contended in this case that the death was the result of the injury. The finding, which is shown by the undisputed proof, that the employee died "as a direct result of typhoid fever, which was in no way produced or caused by the injury," negatives the idea that the death was the result of the injury. It is only contended that the injury may have to some extent lowered the resistance of the employee, and in that way probably contributed to some extent to his death. There was no positive testimony that Burnett's resistance was lowered by reason of the injury, and no positive proof that such reduced resistance, if any, materially contributed to his death. The testimony tending to prove each of these factual conclusions was entirely conjectural. With a disease like typhoid fever it is a matter of pure speculation to say that the victim would not have died but for the lowered resistance, the extent of which was left to conjecture. By whatever term we may attempt to define the causal connection between the injury and the death, in the absence of a disease or infection which is the natural result of the injury, there must be shown a direct causal connection between the injury and the death, with no efficient intervening agency, with sufficient certainty that it may be reasonably concluded that death would have resulted from the injury, notwithsanding the subsequently intervening disease. If but for the intervening independent disease the employee would not have died, then it is obvious that the adequate and just compensation contemplated by the law could have been allowed under the disability provisions of the statute.

It is plain, therefore, that the trial court did not properly submit the question of the injury being the cause of Burnett's death, and there was not sufficient proof to raise that issue. Texas Pacific Fidelity & Surety Co. v. Hall, 101 S. W. (2d) 1050 (writ refused) ; Bry-Block Mercantile Co. v. Carson, 154 Tenn. 273, 288 S. W. 726; Carr v. Donner Steel Co., 207 App. Div. 3, 201 N. Y. S. 604; Schultz v. Mundet, (La. App.) 146 So. 177; Upham's Case, 245 Mass. 31, 139 Atl. 433; Anderson v. Baxter, 285 Pa. 443, 132 Atl. 358; Morgan v. Philadelphia & Reading Co., 273 Pa. 255, 116 Atl. 891; Hammons v. Kinman, 9 La. App. 62, 118 So. 853; Springfield Dist. Coal Mining

Co. v. Industrial Commission, 303 Ill. 455, 135 N. E. 789; Edge v. City of Pierre, 59 S. D. 193, 239 N. W. 191; Perry County Coal Corp. v. Industrial Commission, 311 Ill. 266, 142 N. E. 455.

The evidence in the case appears to have been fully developed, especially in the light of the testimony in the cause seeking an award of compensation for disability, in which the judgment was reversed on account of insufficient evidence (52 S. W. (2d) 771). The judgments of the Court of Civil Appeals and of the trial court are therefore reversed and judgment is here rendered in favor of plaintiff in error.

Opinion adopted by the Supreme Court May 12, 1937.