**BLICKHAN v. GENERAL ACC. FIRE & LIFE ASSUR. CORPORATION,**
Limited, et al.
Civil Action No. 220.

District Court, S. D. Texas,
Galveston Division.

Sept. 10, 1943.

Burris & Benton, of Houston, Tex. (by F. F. Benton, of Houston, Tex.), for plaintiff.

Baker, Botts, Andrews & Wharton, of Houston, Tex. (by Albert P. Jones, of Houston, Tex.), for defendant Indemnity Ins. Co. of North America.

Wood, Gresham, McCorquodale & Martin, of Houston, Tex. (by Russell Talbott, of Houston, Tex.), for defendant General Acc. Fire & Life Assur. Corporation, Ltd.

KENNERLY, District Judge.

This is a suit by E. J. Blickhan, a citizen of Texas, plaintiff, for compensation in excess of $3,000 for two injuries, under the Texas Workmen's Compensation Law (Articles 8306 to 8309a, Vernon's Texas Civil Statutes), against the General Accident Fire & Life Assurance Corporation, Ltd., a citizen of Great Britain, and the Indemnity Insurance Company of North America, a citizen of Texas, Defendants. The Austin Company was the employer, plaintiff was the employee, and defendants were insurers under such Law. The evi-

dence shows an injury in March or April, 1941, and another on August 20, 1942, while plaintiff was in the employ of the Austin Company.

At the trial before a jury, both defendants moved for a directed verdict. The motion of the defendant General Accident Fire & Life Assurance Corporation, Ltd. (for brevity called Assurance Corporation), which was the insurer of the Austin Company in March and April, 1941, was granted, and verdict returned accordingly, because plaintiff's claim against Assurance Corporation was not filed with the Industrial Accident Board within six months after the injury, as required by Section 4a of Article 8307 of such Statutes. The motion of the defendant Indemnity Insurance Company of North America (for brevity called Indemnity Company), the insurer on August 20, 1942, was taken with the case under Rule 50(b),[1] the case was submitted to the Jury on questions framed under Rule 49(a),[2] and a Verdict was returned in answer to such questions.

Indemnity Company is here claiming that judgment should be rendered in its favor on its motion for a directed verdict, and the plaintiff is here, not complaining of the directed verdict for Assurance Corporation, but claiming that judgment on the verdict of the jury should be rendered in his favor against the Indemnity Company. The questions for decision arise under Section 12c of Article 8306 of such Texas Statutes.[3]

The jury found that the two injuries occurred during the course of plaintiff's employment with the Austin Company.[4] It also found total incapacity for 401 weeks beginning May 1, 1943,[5] and that both injuries and their effects were contributing causes of such incapacity.[6] Question Three (e), based on Section 12c, and the Answer thereto are as follows: "(e) If you find that the injury of *March or April,*

---

[1] Federal Rule of Civil Procedure No. 50(b), 28 U.S.C.A. following section 723c.

[2] Federal Rule of Civil Procedure No. 49 (a).

[3] Section 12c of Article 8306 is as follows: "Sec. 12c. If an employé who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employé had there been no previous injury."

[4] Questions 1(a) and 1(b) and answers are as follows:

"Question No. One:

"(a) Did Plaintiff E. J. Blickhan during the *latter part of March or the early part of April, 1941,* in Brazoria County, Texas, while in the employ of the Austin Company, sustain an injury in the course of such employment? Answer: Yes.

"(b) Did Plaintiff E. J. Blickhan on or about *August 20, 1942,* in Brazoria County, Texas, while in the employ of the Austin Company, sustain an injury in the course of such employment? Answer: Yes."

[5] Questions 2(a), 2(b), and 2(c), and answers are as follows:

"Question No. Two:

"(a) Did Plaintiff E. J. Blickhan on *August 20, 1942,* or thereafter, become or will he become *totally* incapacitated? Answer: Yes.

"(b) If you answer that he did become or will become so *totally* incapacitated, then during how many weeks has he been

or will he be so *totally* incapacitated? Answer: 401 weeks.

"(c) If you answer that he did become or will become so *totally* incapacitated, and you have given the number of weeks which you have found he has been or will be so *totally* incapacitated, then find and give the dates between which he has been or will be so *totally* incapacitated? Answer: Beginning May 1, 1943, 401 weeks thereafter."

[6] Questions 3(a), 3(b), 3(c), and 3(d) and answers are as follows:

"Question No. Three:

"If you have found that Plaintiff E. J. Blickhan, during the *latter part of March or the early part of April, 1941,* in Brazoria County, Texas, while in the employ of the Austin Company, sustained an injury in the course of such employment, and you have also found that Plaintiff E. J. Blickhan sustained an injury on *August 20, 1942,* in Brazoria County, Texas, while an employee of the Austin Company and in the course of such employment, and you have also found that Plaintiff on August 20, 1942, or thereafter, became or will become *totally* incapacitated:

"(a) Was such injury of March or April 1941, and its effects, the *sole and only* cause of such *total* incapacity? Answer: No.

"(b) Was such injury of March or April, 1941, and its effects a *contributing* cause of such *total* incapacity? Answer: Yes.

"(c) Was such injury of August 20, 1942, and its effects, the *sole and only* cause of such *total* incapacity? Answer: No.

"(d) Was such injury of August 20, 1942,

*1941,* and its effects, was a contributing cause, and the injury of *August 20, 1942,* and its effects, was a contributing cause of such *total* incapacity, *would Plaintiff have suffered such total incapacity if there had been no injury of March or April, 1941?* Answer: Yes."

The jury also found that 25% of such incapacity in degree and duration was caused by the injury of March or April, 1941, and 75% in degree and duration by the injury of August 20, 1942.

■ 1. The applicable rule with respect to Section 12c is well stated in Traders & General Ins. Co. v. Watson, Tex.Civ. App., Eastland, 131 S.W.2d 1103, 1106. I quote (italics mine):

"Where an employee becomes incapacitated by reason of an injury and such incapacity is contributed to by a preexisting disease, the fact that such preexisting disease contributed to the claimant's incapacity does not constitute a defense to the employee's claim for compensation, or reduce the amount of compensation, unless the preexisting disease is the sole cause of the employee's incapacity. If the preexisting disease is the sole cause of an employee's incapacity, then incapacity does not result from an injury and the employee is not entitled to any compensation. Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72; Guzman v. Maryland Cas. Co., 130 Tex. 62, 107 S.W.2d 356; Traders & Gen. Ins. Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753, 757, affirmed, 132 Tex. 172, 123 S.W.2d 314; Texas Employers' Ins. Ass'n v. Horn, Tex. Civ.App., 75 S.W.2d 301, 304; Texas Employers' Ins. Ass'n v. Parr, Tex.Com.App., 30 S.W.2d 305, 308; Travelers' Ins. Co. v. Peters, Tex.Com.App., 14 S.W.2d 1007; Texas Employers' Ins. Ass'n v. Burnett, 129 Tex. 407, 105 S.W.2d 200.

"But, by virtue of the provisions of Art. 8306, § 12c, Vernon's Tex.Civ.St.1936, a different rule applies where an employee suffers a 'subsequent' injury resulting in incapacity, to which incapacity said subsequent injury and a prior injury, or their effects, both contribute. In such case, the compensation insurance carrier is liable *'only for the compensation to which the subsequent injury would have entitled the injured employé had there been no previous injury.'*

"Upon another trial if there is evidence that claimant suffered a prior injury and that the result of such injury contributed to claimant's present incapacity, the court should submit to the jury whether claimant's prior injury has contributed to claimant's present incapacity, and, *if so, what percentage of plaintiff's present incapacity, if any, has resulted solely from the subsequent injury.* Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386, 388, writ refused; Art. 8306, § 12c."

The questions which the jury was called upon to answer are well within the bounds of the rule so stated, and the answers to the questions are clear and consistent. Judgment for plaintiff against Indemnity Company should follow the verdict unless, under the motion of Indemnity Company, a verdict should have been directed for it.

2. The brief of Indemnity Company supporting its motion for a directed verdict contains no formal statement of the propositions upon which it relies,[7] but there is to be found therein this statement which for clearness I divide into paragraphs:

"(a) The basis of the motion for directed verdict is that the plaintiff wholly failed to sustain the burden of proof to show that the injury of August 20, 1942, would have caused incapacity had there been no previous injury.

"(b) As we shall demonstrate, this defendant may be held liable only for such incapacity as the injury of August 20, 1942, would have produced, if there had been no previous injury.

"(c) The plaintiff had the burden of proof on this vital issue and wholly failed to introduce any testimony of probative

and its effects, a *contributing* cause of such *total* incapacity? Answer: Yes."

[7] Local District Court Rule 29 is as follows:

"Rule 29: Briefs.

"Briefs for use of the Court shall be signed by an attorney or proctor duly admitted to practice before the court, and shall contain:

"(a) A concise abstract or statement of the case or matter.

"(b) A concise statement of the propositions, whether of law or facts, relied upon.

"(c) A list of authorities supporting each proposition.

"(d) An argument under each proposition, with suitable reference to the record.

"(e) Every brief shall contain, at the front, a subject index, and a list of the authorities cited, alphabetically arranged."

value upon which the jury could arrive at an intelligent verdict."

It is perfectly plain that under Section 12c defendant is liable for only such incapacity as the injury of August 20, 1942, would have produced had there been no previous injury, and that on that issue plaintiff has the burden of proof, but I cannot agree that plaintiff has failed to sustain such burden, or has so far failed as to require that a verdict be directed for Indemnity Company. I do not discover either in Section 12c or in the cases construing same any suggestions that the burden of proof on plaintiff is heavier or lighter under Section 12c than under any other of the many provisions of the Compensation Law. Nor do I discover that plaintiff must produce any special kind of evidence in order to satisfy the burden of proof under Section 12c. While the medical evidence here is in some respects not specific, I think, when all the evidence is considered, it neither requires nor permits a directed verdict for Indemnity Company.

It follows that judgment should be rendered for plaintiff against Indemnity Company, in accordance with the verdict of the jury.