(No. 3859— ▮▮▮▮▮▮▮▮▮▮)

FAYE FRENCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 5, 1947.*

FRANK W. PURVIS and FRANK EAGLETON, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

BERGSTROM, J.

This claim was denied by an Opinion filed at the January 1946 term of this Court. Upon oral motion on January 9, 1946 a rehearing was allowed. Additional testimony was taken on June 18, 1946 and September 20, 1946.

We found, in the opinion heretofore filed at the January 1946 term of this Court, that no jurisdictional questions were involved, and stated therein with considerable detail the circumstances of decedent's injury and subsequent death. The evidence shows that decedent was injured during the course of and out of his employment by respondent. The only question for determination is whether there was a causal connection between decedent's injury and his subsquent death, and whether his injury had a causative effect in aggravating his pre-existing disease and thereby hastened his death. This claim was denied in our previous opinion for the reason that claimant had failed to show this by a preponderance of the evidence.

At the hearing two witnesses testified that prior to the injury decedent was apparently in the best of health, and that he had no occasion to see or need a doctor for many years previous to the date of the injury. They further testified that after the injury decedent complained of pains in the abdominal region and thereafter his health began to fail rapidly. Dr. Robert Flentje testified

that he had practiced medicine for 35 years, and that a blow such as decedent received would aggravate an existing cancerous condition. Commissioner Jenkins asked Dr. Flentje some questions, which were answered as follows:

Q. In your opinion, Doctor, would such a blow aggravate a cancerous condition and contribute to or hasten the progress of such cancerous condition?

A. It could.

Q. And in your judgment would it contribute to and hasten the death of a person suffering from such condition?

A. It would. I might simplify that by saying that a cancerous condition is one of the eating away of the flesh and the deeper it goes the more nearly it comes to the larger vessels.

Q. It is a progressive condition?

A. It is a progressive condition.

Q. And its progress would be hastened by such a blow?

A. It would be.

Counsel for claimant asked the Doctor:

Q. Dr. Flentje, in your opinion is it also true that a blow such as Mr. French is described to have received would considerably hasten his death?

A. Yes, it would.

Dr. J. F. Lawson of Sullivan, Illinois, signed a statement on July 9, 1946, which was filed in the record and reads as follows:

"This is to certify that I am a regular licensed physician in the State of Illinois and have been for the past forty years; that I was personally acquainted with Seth French, during his lifetime, and that I treated him on March 24th, 25th, 26th, 28th and 30th of 1938 for gunshot wounds he received in apprehending some postoffice robbers at Allenville, Illinois, and that the said Seth French received wounds in the chest, arms and face, but that there was no buckshot in the abdomen.

That at the time I treated the said Seth French, he had no indication of cancer; that he was healthy and although I did not treat him for a number of years after that, I did see him at different times, and from general appearance, he showed no indication of cancer.

I further certify that a blow such as Seth French received in the abdomen at that time would at least aggravate an existing cancer if he had such at that time."

Commissioner Jenkins, after hearing the evidence, made a finding that decedent's cancerous condition was aggravated by the injury received while in the course of his employment; that there was a causal connection between such injury and the death of decedent and recommended an award to decedent's widow, Faye French. After a careful review of all the evidence this Court concurs with his views. In a similar case, *Simpson* vs. *Industrial Commission*, 337 Ill. 454, the Supreme Court said on page 459

"The evidence shows that prior to the day of the accident Carr was a strong, vigorous and active man. He had never been sick and had never required the services of a physician. The evidence of Hammond shows what happened at the time Carr pulled on the rope. He was never well after that time but grew steadily worse until his death. There is no question, under the evidence, but that he died from a lymphatic carcoma. There is medical evidence which shows that the sarcoma was the result of the strain or sprain of the muscles of the back. If the death is fairly chargeable to an accident suffered in the course of his employment as an efficient cause, compensation may be awarded although the sarcoma existed prior to the accident, provided the sarcoma was aggravated or accelerated by the injury, but there must be a direct relation between the accident and the subsequent death. (*Springfield Coal Co.* v. *Industrial Com.*, 303 Ill. 455; *Jones Foundry Co.* v. *Industrial Com.*, 303 id. 410; *Keller* v. *Industrial Com.*, 302 id. 610; *Centralia Coal Co.* v. *Industrial Com.*, 301 id. 418.) If the act of Carr in pulling on the rope either caused a sarcoma or aggravated or accelerated a sarcoma which already existed, and his death resulted therefrom, his widow was entitled to compensation."

There were no children under 16 years of age dependent upon the deceased for support at the time of his death. His widow, Faye French, survives him. His earnings from respondent were $1,787.09 for the year next preceding his death; and the compensation rate would be $15.00 per week, increased by 17½%, the injury having occurred after July 1, 1943, or $17.63. Under Section 7, paragraphs a and 1 of the Workmen's Compensation Act, the widow, Faye French, would be entitled to an award

of $4,700.00, less $248.21 being the amount of compensation paid, or $4,451,79.

Eileen Jones, First National Bank Building, Springfield, Illinois, was employed to take and transcribe the evidence in this case, and has rendered a bill in the amount of $28.20. The Court finds that the amount charged is fair, reasonable and customary.

An award is entered in favor of Eileen Jones in the amount of $28.20, payable forthwith.

An award is also entered in favor of the claimant, Faye French, in the amount of $4,451.79, to be paid to her as follows:

$2,820.80, which has accrued and is payable forthwith;
$1,630.99, payable in weekly installments of $17.63 beginning on the 16th day of June, 1947 for a period of 92 weeks, with an additional final payment of $9.03.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."