TEXAS EMPLOYERS' INSURANCE ASSO-
CIATION, Appellant,

v.

H. F. HAM, Appellee.

No. 16081.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 19, 1960.

Rehearing Denied March 18, 1960.

Nelson, Sherrod & Lambert, and Eugene Sherrod, Jr., Wichita Falls, for appellant.

Peery & Wilson, and Kearby Peery, Wichita Falls, for appellee.

BOYD, Justice.

This is a Workmen's Compensation case. Texas Employers' Insurance Association appeals from a judgment in favor of H. F. Ham for compensation for total and permanent disability, resulting from injuries received on November 18, 1957.

Appellant contends that the trial court was in error in striking its defense of the failure of appellee to file his claim for compensation within the statutory period; that the court erred in failing to grant appellant's motion for continuance which was filed following the court's action in striking the pleading; and that the court erred in refusing appellant's requested issues inquiring whether appellee suffered a neurotic ailment which arose wholly independent of said injury, and the percentage, if any, such ailment was contributing to appellee's disability.

Appellee's original petition was filed on November 24, 1958. Appellant's original answer was filed on December 20, 1958. The court, on February 7, 1959, set the case for March 16, 1959, at 9:00 a. m. On February 8, 1959, appellant was notified of the setting.

On March 10, 1959, appellant, with leave of the court, filed a verified amended answer that appellee had not filed his claim within the required time. On March 16 this case was called and all parties announced ready. The court, however, proceeded with the trial of a criminal case. On the afternoon of that day, during a recess of the criminal trial, the parties selected a jury to try this case, which jury was sworn and excused by the court until the morning of the 17th. After appellee had read his petition to the jury and while appellant was reading his amended answer, the appellee orally moved to strike the allegations that appellee had not filed his claim in time. Appellee had not theretofore excepted to the pleading. The court did not immediately rule on the motion to strike, but later in the course of the trial the motion was sustained. Thereupon, appellant moved for a continuance, contending that it was not ready since its defense embodying appellee's failure to file his claim for compensation in time was taken out of the case.

Rule 93, Texas Rules of Civil Procedure, provides that a verified denial of an allegation that a claim for compensation was filed in time "must be filed not less than seven days before the case proceeds to trial."

Appellant contends that this case did not proceed to trial until March 17 when the pleadings were read and the taking of testimony commenced. It cites a number of cases, most of which hold that under the rule allowing a defendant to secure the right to open and close in the presentation of evidence and argument, by making certain admissions, after the issues of fact are settled, and before the trial commences, the admissions and the request to be allowed to open and close may be made after

the empaneling and swearing of the jury and before the reading of the pleadings and the taking of testimony.

We do not think these cases are in point. No reason is perceived why a defendant should be required, before announcement of ready, to so plead as to secure the opening and close in presenting evidence and argument. The plaintiff is not prejudiced if the defendant does not exercise that right until the time for the reading of the pleadings and the taking of testimony.

■■ When in this case the parties announced ready for trial and selected a jury on March 16, appellee had the right to suppose that the case had been pleaded. He knew that appellant's defense that appellee had failed to file his claim for compensation in time was not properly filed in that it did not comply with Rule 93. This Rule is mandatory. Texas Employers' Insurance Association v. Brockman, Tex. Civ.App., 283 S.W.2d 817.

Nor can we agree with appellant that appellee waived the failure to file the amended pleading in time by not excepting to it before announcing ready. The pleading not having been filed seven days before the case proceeded to trial had no more validity, we think, than if it had not been filed at all. It could have been disregarded by the court without appellee's motion to strike. It was not a defect of form or substance which required motion or exception in writing by provisions of Rule 90, T.R. C.P.

■ If appellant's defense that appellee failed to file his claim for compensation in time was properly cast out of the case, then it would follow that denial of its motion for continuance would not be erroneous.

The only other contention of appellant is that the court erred in refusing its requested issues as to the existence of subsequent anesthesia, whether it arose independently of the alleged injury, whether it

is contributing to appellee's present loss of earning capacity, and the percentage it may be contributing to his disability.

A physician examined appellee on Saturday before the trial, and testified that he found that appellee had sustained a "glove and stocking anesthesia," which he described as a loss of or diminution of sensation from his elbows to his fingertips, and from his knees to his toes. He said: " * * * I am not qualified to discuss in detail the psychoneurosis, the emotional disturbances that produce symptoms, because that is out of my field, * * *. It is a psychic disturbance which usually clears up, according to my understanding, after periods of stress or emotional strain, and so on, are gone. Now, this appeared in this man between the time I examined him in June of 1958 and in March of 1959, and I think it is entirely possible that the emotional stress of this trial coming up, the litigation, and so on, is one of the factors that gave him this thing, with these symptoms that I feel go with that. * * * I couldn't tie it up directly with that (the injury) in any way. There was too many months passage of time, and these symptoms of this hysterical thing have appeared, as far as I know, just recently."

■ We do not determine whether this testimony would support a finding that the anesthesia arose independently of the injury; but we have concluded that it was not error to refuse the requested issues.

In Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72, 74, it was said: " * * * where injury is sustained by an employee in the course of his employment which results in his disability within the meaning of our Compensation Law, compensation therefor will not be denied, notwithstanding said injury is aggravated or enhanced by the effect of diseases existing at the time, or afterwards occurring. * * *" A somewhat similar expression is used in Armour & Co. v. Tomlin, Tex.Com.App., 60 S.W.2d 204, a negligence case.

■ In Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026, the court said that an injury to be compensable need not be the sole cause of disability or death, but might act concurrently with another injury or cause. The injury need not proximately cause the disability. It may be a producing, efficient, exciting, contributing, or concurrent cause. Texas Employers' Ins. Ass'n v. Burnett, 129 Tex. 407, 105 S.W.2d 200; Travelers' Ins. Co. v. Peters, Tex.Com.App., 14 S.W. 2d 1007; Texas Employers' Ins. Ass'n v. Lovett, Tex.Civ.App., 19 S.W.2d 397, error refused; Texas Employers' Ins. Ass'n v. Birdwell, 39 S.W.2d 159; Millers' Indemnity Underwriters v. Schrieber, Tex.Civ. App., 240 S.W. 963, error refused.

In Texas Indemnity Ins. Co. v. Dean, Tex.Civ.App., 77 S.W.2d 748, it was shown that compensation was sought for disability caused by an injury sustained on August 5, 1930. The jury found that this injury was the sole producing cause of the disability. On May 23, 1931, the claimant suffered another injury, not in the course of his employment, which the jury found was a producing cause of his disability. It was held that the answers did not materially conflict, since to be a defense the second injury must have been the sole cause of the disability.

A defense involving a subsequent disease, wholly unconnected with the injury for which compensation was claimed, was urged in United Employers Casualty Co. v. Curry, Tex.Civ.App., 152 S.W.2d 862. Over the objection of the insurance carrier the court submitted an issue as to whether the disease in question was the sole cause of the disability, which was answered "No." Error was also assigned to the refusal of the court to submit any issues inquiring as to whether the subsequent disease had contributed to the disability. Both contentions of the insurance carrier were overruled, the court holding that to be material the subsequent disease must have been the sole cause of the disability.

The judgment is affirmed.