Alberto **MAURICIO**, Appellant,

v.

**TEXAS BUILDERS INSURANCE COMPANY, Appellee.**

No. 04–95–00349–CV.

Court of Appeals of Texas, San Antonio.

Sept. 11, 1996.

Kevin B. Miller, Miller & Henderson, San Antonio, for appellant.

Gregg R. Brown, Douglas W. Alexander, Brown McCarroll & Oaks Hartline, L.L.P., Austin, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

When medical terminology conflicts with legal criterion uncertain results follow. It did so in this appeal from a summary judgment in a workers' compensation case. Because the sole doctor's report upon which the summary judgment rests is conflicting and ambiguous on its face, we reverse the summary judgment.

### Facts

On November 11, 1992, Mauricio injured his knee while in the course and scope of his employment. It was operated on and he returned to work, but he continued to have problems with the knee. In July of 1994, while at home, the knee locked up and caused him to hurt his back. A second operation was performed on the knee. Texas Builders paid for this surgery, but made it clear that they were not admitting any liability for the back injury.

The issue in this appeal is whether Mauricio's compensable injury of November 11, 1992 extends to his back. The contested case hearing officer and the appeals panel of the Texas Workers Compensation Commission concluded that the back injury was not compensable. The trial court granted Texas Builders' motion for summary judgment on this issue.

During the administrative phase of the claim, the Texas Workers Compensation Commission appointed Dr. William Thomas Crow as the designated doctor. Dr. Crow's opinion regarding causation, which is contained in a written report, is the only expert evidence in this summary judgment proceeding. There is no question that Dr. Crow was trying to fairly answer the question with all of its metaphysical connotations. The law prefers "yes" or "no" answers though. The answer as given, gave both parties factual ammunition to claim that this independent expert thoroughly backed their view of the matter. Dr. Crow said the following in his report:

> Based upon the available information and to a reasonable degree of medical certainty, there is a probable causal relationship between the current complaints and the occupational injury reported. The right knee injury was originally a partial thickness condylar problem that became a full thickness problem. The back problem is not caused directly from the initial injury; however, because of his problems that he was having with the knee that were continuous up to the time that he had his fall at home the second time, he has a herniated disc in the back. Therefore, in a linear fashion, the back injury is related to the initial injury, but it is a consequence of the initial injury, not a direct result of the initial injury.

### The Law

In his first point of error, Mauricio argues that the trial court erred in granting Texas Builders a summary judgment. According to Mauricio, the issue of whether a subsequent injury is compensable is inherently a question of fact. Texas Builders argues that the Dr. Crow testified as a matter of law that the first knee injury was not the proximate cause of the back injury.

▮ The well-known standard for reviewing summary judgments on appeal is: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and, (3) every reasonable

inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *See, e.g., Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 592–93 (Tex.1975).

According to Texas Builders, the summary judgment was proper because there is only one opinion on causation and thus this case is to be decided as a matter of law. We agree that there is only one expert on the issue of causation. We do not agree that his report contains only one clear opinion on that issue. A careful analysis of the medical report is warranted. First, Dr. Crow makes a blanket statement that "there is a probable causal relationship between the current complaints and the occupational injury reported." According to Texas Builders, this statement should be disregarded because it is referring to Mauricio's knee. However, that is not clear. Dr. Crow refers to complaint[s] which would include both the second knee injury and the back injury. Then he says that "the back problem is not caused directly from the initial injury." If this weren't confusing enough Dr. Crow contradicts himself and says "in a linear fashion, the back injury is related to the initial injury." But he also says that the back injury is not "a direct result of the initial injury." Dr. Crow's opinion on causation is a study in contradiction.

Understandably, both parties claim that Dr. Crow's report is favorable to their positions. Mauricio claims that proximate cause is established by Dr. Crow. Texas Builders claims just the opposite.

There is no meaningful distinction, in this context, between whether the back injury was related to the prior knee injury in a "direct" fashion and in a "linear" fashion. Webster's Ninth New Collegiate Dictionary defines the two terms as follows:

*Linear:* ... of, relating to, resembling, or having a graph that is a line and especially a straight line: STRAIGHT ...

WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 694 (1990).

*Direct:* ... proceeding from one point to another in time or space without deviation or interruption: STRAIGHT ...

*Id.* at 358. These two words are virtually synonymous.

To say, as Dr. Crow does, that the back injury is related to the occupational knee injury in a "linear fashion" means that there is a straight line between the two injuries. However, Dr. Crow also says that the back injury is not a direct result of the knee injury which means that the back injury does not proceed from the first knee injury in time and space without deviation or that one is not in a straight line from the other. Dr. Crow's medical report is internally inconsistent and raises conflicting inferences.

A fact issue is presented when conflicting inferences may be drawn from uncontroverted summary judgment proof. *Lesbrookton, Inc. v. Jackson,* 796 S.W.2d 276, 284 (Tex.App.—Amarillo 1990, writ denied); *Ridgeline v. Crow–Gottesman–Shafer No. 1,* 734 S.W.2d 114, 116–17 (Tex.App.—Austin 1987, no writ); *Brown v. Prairie View A & M University,* 630 S.W.2d 405, 412 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *see also First Gibraltar Bank, FSB v. Farley,* 895 S.W.2d 425, 429 (Tex.App.—San Antonio 1995, writ denied)(internal inconsistency in affidavit concerning ownership of note raised material fact issue). Conflicting inferences concerning the causal relationship between the first knee injury and the subsequent back injury are raised by Dr. Crow's report. Therefore, summary judgment is inappropriate on this record.

Texas Builders argues that the second injury did not "flow naturally" from the first injury and therefore Mauricio cannot recover. However, Dr. Crow never said that the back injury did not "flow naturally" from the knee injury. In fact, considering the conflicting nature of causation as contained in the medical report, it is impossible to tell whether the second injury "naturally flowed" from the first injury. We sustain Mauricio's sole point of error.

We reverse the judgment of the trial court and remand this cause for further proceedings.

DUNCAN, Justice, concurring.

In my view, Dr. Crowe's report is not "a study in contradiction" or "internally inconsistent." To the contrary, Dr. Crowe's report clearly states that while "there is a probable causal relationship between the current complaints and the occupational injury reported, ... [t]he back problem is not caused directly from the initial injury...." Stated another way, while Mauricio's back injury "is related to the initial injury," "it is a consequence of the initial injury, not a direct result of the initial injury." The question presented, therefore, is whether an injury is compensable when it a consequence of, but not directly caused by, a compensable injury?

"Injury," as used in the Workers' Compensation Act, "means damage or harm to the physical structure of the body and a disease or infection *naturally resulting* from the damage or harm." TEX.LAB.CODE ANN. § 401.011(26) (Vernon 1996) (emphasis added). A disease or infection "naturally results" from an injury when it is the product of an "uninterrupted" "sequence" or "chain of events." *See Western Cas. & Sur. Co. v. Gonzales*, 518 S.W.2d 524, 527–28 (Tex.1975). "By the word 'naturally,' as used in the statute, it is not meant that the disease which is shown to have attacked the victim of the accident is such disease as usually and ordinarily follows the accident; but it was only meant that the injury or damage caused by the accident is shown to be such that it is natural for the disease to follow therefrom, considering human anatomy and the structural portions of the body in their relations to each other." *Maryland Cas. Co. v. Rogers*, 86 S.W.2d 867, 871 (Tex.Civ.App.—Amarillo 1935, writ ref'd) (quoting *Travelers' Ins. Co. v. Smith*, 266 S.W. 574, 576 (Tex.Civ.App.—Beaumont 1924, no writ)). When an injury merely causes reduced resistance to disease or infection, the disease or infection does not "naturally result" from the injury. *See Texas Emp. Ins. Ass'n v. Burnett*, 129 Tex. 407, 105 S.W.2d 200, 201–02 (1937); *Traders & Gen. Ins. Co. v. Keahey*, 119 S.W.2d 618, 620–21 (Tex.Civ.App.—Amarillo 1938, writ dism'd).

To be entitled to summary judgment, Texas Builders was required to conclusively establish that Mauricio's original knee injury was such that it was not natural for a herniated disc to follow or, stated otherwise, that Mauricio's back injury was not a link in an "uninterrupted" "sequence" or "chain of events" that had as its source his original knee injury. In my view, Dr. Crowe's report does not conclusively establish this essential fact because it does not address this question; it instead answers the question of whether Mauricio's back injury was a direct or indirect result of his original knee injury. While Dr. Crowe and those employed by the Commission may equate "naturally result" with directly result—and we should do so as well—I have not found an opinion that equates the two concepts. And other supreme court opinions appear to hold that it is sufficient if the initial injury is merely a producing cause of a fatal disease. *See, e.g., Hood v. Texas Indem. Ins. Co.,* 146 Tex. 522, 209 S.W.2d 345, 348 (1948). I therefore concur in the judgment.