TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,

v.

W. R. UPSHAW, Appellee.

No. 3472.

Court of Civil Appeals of Texas.

Eastland.

Nov. 6, 1959.

Rehearing Denied Nov. 27, 1959.

McMahon, Smart, Sprain & Wilson, Abilene, Leachman, Gardere, Akin & Porter, Dallas, for appellant.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, for appellee.

COLLINGS, Justice.

This is a workman's compensation case. W. R. Upshaw brought separate suits against Texas Employers' Insurance Association, appealing from two separate awards of the Industrial Accident Board. In the first suit, Upshaw sought compensation for claimed injuries on or about April 9, 1957, to his neck, upper back, shoulders, dorsal and lumbar spine which he alleged caused 50% permanent partial disability. In the second suit, Upshaw alleged that on December 9, 1957, he sustained injuries to his back, neck, arms, hips and pelvis which caused total and permanent disability. By agreement, the cases were tried together before a jury which found that Upshaw sustained the claimed accidental injury on April 9, 1957, and suffered partial incapacity to labor as a result thereof for a period of 16 weeks from the date of the injury, but that there was no difference between his average weekly wage prior to the date of injury and his average weekly wage earning capacity during the existence of such partial incapacity. The jury further found that Upshaw sustained the claimed accidental injury on December 9, 1957; that he suffered total disability as a result of such injury; that such total incapacity began December 9, 1957, and was permanent; that he did not and will not sustain partial incapacity as a result of the December 9, 1957, injury; that Upshaw's disability resulting from and existing after the December 9, 1957, injury was not due solely to the injury sustained on April 9, 1957; that the injury sustained on April 9, 1957, contributed to the incapacity existing after December 9, 1957, to the extent of twenty percent; that his disability after December 9, 1957, was not the sole result of and was not contributed to in any degree by a combination of the injuries received by Upshaw on April 9, 1957, and three prior injuries.

Judgment was entered in favor of Upshaw on his injury of December 9, 1957, for total and permanent incapacity in a lump sum at the compensation rate of $31.20 per week. Texas Employers' Insurance Association has appealed.

Appellant contends that the court erred in refusing to declare a mistrial and in rendering judgment on the verdict because the findings of the jury to the effect that Upshaw sustained total permanent incapacity as a result of his injury on December 9, 1957, and that the incapacity resulting therefrom was not partial are in irreconcilable conflict with the finding that his prior injury on April 9, 1957, contributed twenty percent to Upshaw's incapacity. We cannot agree with this contention.

If, in order to be compensable under the workmen's compensation act, it were required that an injury should be the sole cause of the claimant's disability, then appellant's contention would be well taken, because a finding that the December 9th injury was the sole cause of appellee's total permanent incapacity would necessarily conflict with a finding that a prior injury contributed thereto. Such is not the case. It is only required that an injury should be "a producing cause", without which the disability would not have occurred. The term "producing cause" was so defined in the court's charge. There may be more than one producing cause of disability. An injury may be a producing cause of

total permanent disability even though other injuries contribute thereto. Texas Employers' Insurance Ass'n v. Burnett, 129 Tex. 407, 105 S.W.2d 200; Texas Indemnity Insurance Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026; Traders & General Insurance Co. v. Wright, Tex.Civ.App., 144 S.W.2d 626 (Writ ref.); Jacoby v. Texas Employers' Insurance Ass'n, 318 S.W.2d 921 (NRE). The finding that the prior injury of April 9, 1957, contributed twenty percent to Upshaw's incapacity existing after December 9, 1957, therefore does not conflict with the finding that the injury of December 9th resulted in total permanent incapacity, or otherwise stated, that the subsequent injury was the producing cause without which such total permanent incapacity would not have occurred. It is questionable if other points urged by appellant bearing upon claimed conflicts in findings are properly before this court for consideration. However, we have examined same and are of the opinion that even if considered, they are not well taken for the reasons above indicated.

It is urged by appellant that the court erred in rendering judgment for 401 weeks of total permanent incapacity instead of for 300 weeks partial permanent incapacity. Appellant contends that Section 12c of Article 8306, V.A.C.T.S., applies and limits plaintiff to eighty percent partial disability. Appellant's contention in this respect is based upon the assumption that Upshaw's incapacity was partial permanent and not total permanent. The assumption is contrary to the facts. The jury found that Upshaw suffered total and permanent incapacity as a result of his injury on December 9, 1957, and that his prior noncompensable general injury of April 9, 1957, contributed twenty percent to such total permanent incapacity. Section 10 of Article 8306 provides for the manner of payment of compensation to an injured employee while incapacity for work resulting from injury is total and provides for such payment covering a period not to exceed "Four hundred and one (401)

weeks from the date of injury." The 300 week limit which appellant seeks to invoke is provided for in Section 11 of Article 8306. This section applies to partial incapacity and not to total incapacity. As heretofore indicated, we cannot agree with appellant's contention that Upshaw's total permanent incapacity resulting from his injury on December 9th became partial because the injury of April 9th contributed twenty percent thereto. Section 12c of Article 8306 which appellant relies upon to limit Upshaw's total permanent incapacity to eighty percent partial disability, because such total incapacity was contributed to twenty percent by the prior April 9th injury provides as follows:

"Sec. 12c. If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; * * *"

In cases which do not involve specific injuries " * * * it has been held that Section 12c does not apply except where there has been a first injury which was compensable under the workmen's compensation act, and that the employer's insurer is liable for all of the disability of which the second injury is a producing cause." See Miears v. Industrial Accident Board, 149 Tex. 270, 232 S.W.2d 671 and cases there cited.

The injuries sustained by Upshaw on April 9 and December 9 of 1957 were both general injuries and not specific injuries. The first injury of April 9th was not a compensable injury. The jury found that the partial incapacity resulting from such injury covered a period of only 16 weeks from the date of the injury, and that there was no difference in appellee's

average weekly wage prior to the injury and his average weekly wage earning capacity during the 16 week period. The judgment did not hold appellant liable for compensation for all the incapacity of which the injury of December 9th was the producing cause, that is full total and permanent incapacity. The court rendered judgment against appellant for only a stated percent of the compensation which Upshaw would have been entitled to receive had it not been for the fact that the prior noncompensable injury of April 9th contributed twenty percent to his total incapacity. Upshaw's incapacity resulting from his injury of December 9th was total and permanent. Such incapacity was contributed to twenty percent by the prior noncompensable injury of April 9th, but none of it would have been suffered except for the injury of December 9th. Under these circumstances appellee was entitled to recover against appellant for all of the disability of which the injury of December 9th was the producing cause. Texas Employers' Insurance Ass'n v. Clark, Tex. Civ.App., 23 S.W.2d 405 (Writ dis.); Casualty Reciprocal Exchange v. Dawson, Tex.Civ.App., 81 S.W.2d 284 (Writ dis.); Texas Indemnity Co. v. McNew, Tex.Civ. App., 90 S.W.2d 1115 (Writ dis.); Texas Indemnity Insurance Co. v. Arant, Tex. Civ.App., 171 S.W.2d 915 (Ref. W.O.M.). The workmen's compensation act is construed liberally in favor of an injured workman. Miears v. Industrial Accident Board, (supra); Huffman v. Southern Underwriters, 133 Tex. 354, 128 S.W.2d 4. It would not be a liberal or a reasonable construction of Section 12c to hold that the twenty percent contribution by the April 9th injury to Upshaw's incapacity changed his total permanent incapacity resulting from the December 9th injury to two partial incapacities. Appellant's complaint of the action of the court in this respect does not present error.

The judgment provided that Upshaw was entitled to recover for his personal injury of December 9, 1957, weekly compensation equal to 80% of 60% of his average weekly wage for a period of 401 weeks for total and permanent incapacity to which incapacity a prior injury of April 9, 1957, contributed 20%. Since it was stipulated that Upshaw's average weekly wage was $65, the court found that he was entitled to compensation at the rate of $31.20 per week for the full period of 401 weeks from and after December 9, 1957. The compensation rate was arrived at by taking 60% of his average weekly wage of $65, being $39, less 20% or $7.80 for contribution of the prior injury, which placed Upshaw's compensation at $31.20 per week. It was found by the court that Upshaw was entitled to the present value of 351 weeks unmatured compensation which after the statutory 4% discount entitled him to $9,-617.84, to be paid in a lump sum. Although appellee contends that Section 12c of Article 8306 does not apply and that appellant was liable for all the disability of which the injury of December 9, 1957, was a producing cause, he urges no point complaining of any error in entering the judgment for compensation equal to only 80% of 60% of his average weekly wage. Apparently both the trial court and appellee sought to comply with Section 12c by deducting 20% from appellee's recovery for total permanent incapacity because of the contribution by the prior injury of April 9, 1957.

Appellant contends in point number four that the court erred "in rendering judgment for 80% of 60% of plaintiff's weekly average wage instead of 80% of the $35 maximum base as provided by the Workmen's Compensation Act". Appellant urges in its point number five that the court erred in rendering judgment for a lump sum. Appellant contends that the question of appellee's compensation rate is controlled by Section 12 of Article 8306. Section 12 does provide for a basic figure for computing compensation for specific injuries not to exceed $35. This case, however, is not one involving compensation for a specific injury. Section 12 is therefore not ap-

plicable. This is a case of total permanent incapacity resulting from a general injury. Section 10 of Article 8306 deals with and determines the manner of computing compensation in such cases. Section 10 sets a limit on the compensation rate of $35 per week, but does not, as does Section 12, provide for a basic figure not exceeding $35 to be used in computing the compensation rate.

The manner in which appellee's compensation rate was arrived at does not comply with the provisions of Section 10 of the statute. Section 10 sets a limit of $35 per week on the compensation rate. The compensation rate used was $39, which is in excess of $35. Appellant's point urging error in the judgment for 80% of 60% ($39) of appellee's average weekly wage instead of 80% of $35 would be well taken and would require a reformation of the judgment in this respect except for the fact that, as already indicated, appellee was entitled to recover for all of the total permanent disability of which the injury of December 9, 1957, was the producing cause, and was not limited to 80% of total permanent compensation. Since the judgment is for less than the amount to which appellee was entitled, the error in the manner in which it was arrived at becomes immaterial and was harmless.

Appellant's fifth point claiming error in rendering judgment for a lump sum is overruled. Appellant's contention in this respect is based upon the assumption that the injury of December 9, 1957, resulted in only 80% partial disability and that a claimant is entitled to judgment for a lump sum only in cases of total permanent incapacity. As heretofore indicated, Upshaw's incapacity resulting from his injury of December 9th was total and permanent even though it was contributed to twenty percent by the prior injury of April 9, 1957.

Appellee properly concedes that it was error to render judgment for 6% interest on the total amount of the judgment instead of for only 4% as provided by the work-

men's compensation act. The judgment is therefore reformed so as to provide for interest thereon at a rate of 4% from the date of entry until paid instead of the 6% shown in the judgment. In all other respects, the judgment is affirmed.