**ST. PAUL FIRE & MARINE INS. CO.,**
**Appellant,**

v.

**J. T. MURPHREE, Appellee.**

No. 7056.

Court of Civil Appeals of Texas.
Amarillo.

May 22, 1961.

Rehearing Denied June 19, 1961.

**818**

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Splawn & Maner, Lubbock, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment in favor of the appellee, J. T. Murphree, against appellant insurance carrier in a workmen's compensation suit. Murphree alleged he was injured in the low back while in the course of his employment on April 30, 1959, and that as a result of such injury he became totally and permanently disabled. He alleged in the alternative that this injury of April 30, 1959, aggravated prior existing injuries and that, as a result of the April injury and the re-injury and aggravation, he became totally and permanently disabled.

In answer to appellee's amended petition, the insurance carrier generally denied the allegations, and further pleaded that both before and after the claimant's alleged injury of April, 1959, he sustained bodily injuries which constituted the sole cause of any incapacity he may have had as a result of the April, 1959, injury.

In response to the special issues submitted, the jury found Murphree sustained an accidental personal injury on April 30, 1959; that such injury was sustained while he was an employee of Meadow Implement Company; and that it was received in the course of that employment. The jury further determined the April, 1959 injury caused total and permanent incapacity beginning on the date of that injury. The jury found that a combination of three prior injuries and two subsequent injuries was not the sole cause of Murphree's incapacity. However, they did find the following injuries did contribute to Murphree's incapacity to the extent indicated: the 1951 injury contributed 25 per cent; the June 28, 1959, injury contributed 25 per cent; the July 15, 1959, injury contributed 25 per cent; the July 20, 1959, injury did not contribute to the incapacity; and the September 1, 1959, injury contributed 5 per cent. Upon motion by appellee, the trial court disregarded the jury's answers to Special Issues Nos. 21 and 22 by which it found the June 28, 1957 injury contributed 25 per cent to Murphree's incapacity, and entered judgment for appellee for total and permanent disability less 55 per cent contribution for the named prior and subsequent injuries received by Murphree.

Appellant's first group of points of error deal with the trial court's granting of appellee's motion to instruct counsel for appellant not to refer to any prior or subsequent amounts of settlements or claims that appellee may have made. Appellant's pleaded defenses included general allegations of prior and subsequent personal injuries that contributed to Murphree's incapacity. No specific injuries or dates those injuries were received were alleged. The trial court's ruling in effect prohibited appellant from introducing evidence pertaining to claims, settlements or payments arising out of any previous or subsequent injuries suffered by Murphree. This ruling did not exclude evidence or cross examination concerning these injuries themselves.

Appellant argues that the trial court's ruling limited its right of cross examination; deprived it of showing inconsistent

claims by claimant; denied it the right to show certain admissions by the claimant; contends that the trial court's order was broader than the appellee's motion; and that its inability to introduce appellee's pleadings in other workmen's compensation cases deprived it of competent impeachment evidence. The validity of these contentions is determined by both the rules of evidence and the effect of Article 8306, Sec. 12c, Vernon's Rev.Civ.St.

As we understand appellant's position, it contends that pleadings in other cases involving Murphree's other injuries, the notices of injuries, and claims for compensation and compromise settlements dealing with these injuries should have been admitted into evidence, and that it should have been permitted to cross examine Murphree concerning these transactions. Although the trial court did not permit appellant to introduce these pleadings, settlements, etc., appellant was allowed to cross examine Murphree rather extensively about these prior injuries, including the times they occurred, circumstances concerning his employment, and the details of the injuries themselves.

■■ It is well settled that an insurer, under the terms of Sec. 12c, Art. 8306, may plead and prove prior personal injuries. In order for insurance carriers to avail themselves of prior injuries as a defense, it is necessary for the jury to first determine whether the previous injury contributed to the incapacity and if so, to what extent. Texas Indemnity Ins. Co. v. Perdue, Tex. Civ.App., 64 S.W.2d 386 (writ refused); Traders & Gen. Ins. Co. v. Watson, Tex. Civ.App., 131 S.W.2d 1103 (writ dismissed); Texas Employers' Ins. Ass'n v. Wright, Tex.Civ.App., 196 S.W.2d 837 (n. r. e.). In the instant case the trial court submitted these issues correctly, and the jury determined that three prior injuries and one subsequent injury contributed 80 per cent to the claimant's incapacity. Having interrogated Murphree about all these other claims and injuries and having had the jury

determine that these injuries did contribute to the claimant's incapacity, we fail to see how appellant was prejudiced by the trial court's granting the claimant's motion to restrict the evidence as indicated.

This same question was presented in Brinkley v. Liberty Mutual Ins. Co., Tex. Civ.App., 331 S.W.2d 423 (no writ history). The court there held that under the plain terms of Sec. 12c, it was error for the trial court to admit for jury consideration evidence of claims, settlements and payments arising out of the employees' previous injuries. The Texarkana court there reasoned that the language of Sec. 12c makes no reference to previous claims, settlements or payments and that therefore they should be excluded from the jury's consideration. We agree with the court's reasoning and the result reached. In addition we believe that to admit such evidence the danger of unfairly prejudicing the claim of a litigant out-weighs the probative value of such evidence. L. B. Price Mercantile Co. v. Moore, Tex.Civ.App., 263 S.W. 657; National Compress Co. v. Hamlin, 114 Tex. 375, 269 S.W. 1024 (no writ history); San Antonio Traction Co. v. Cox, Tex.Civ.App., 184 S.W. 722 (no writ history). See also McCormick & Ray, Texas Law of Evidence, Vol. 2, Sec. 1526, page 375. We therefore overrule appellant's points of error Nos. 1 through 6.

■ Appellant also urges that the jury's answer to Special Issue No. 28, finding the September, 1959 injury contributed 5 per cent to the incapacity of appellee is manifestly contrary to and unsupported by the evidence. Appellant further contends the jury could only make this finding because appellant was not allowed to introduce the pleadings, the evidence of the settlement and operation connected with the September injury. We think this latter contention has already been disposed of in our discussion of the points of error above.

In regard to the sufficiency of the evidence to support the jury's answer complained of, it seems appellant finds itself

in an inconsistent position. It does not complain of the jury's findings relative to the contributions of the other previous injuries, nor does it complain of the fact the jury found the September injury contributed to appellee's incapacity, but only complains of the finding of the small contribution of the September injury.

The extent and nature of the September injury was in evidence before the jury, and appellant's cross examination of appellee included a discussion of the operation and the extent of the injury. The nature and extent of the September injury was fully before the jury. The seriousness of any injury is a question of fact to be determined by the trier of the facts. Here the jury decided that the September injury did contribute to the appellee's incapacity, but that the contribution was only 5 per cent. The fundamental principle of an appellate court's review is that the record must be weighed in the light most favorably in support of the trial court's judgment and the jury verdict. Under the facts and circumstances of the instant case together with the presumption referred to, we conclude the jury was warranted in answering Special Issue No. 28 as they did. After considering all of the evidence, we are of the opinion the jury finding complained of is not against the great weight and preponderance of the evidence.

In answer to Special Issues Nos. 21 and 22, the jury found the June, 1957 injury contributed to appellee's incapacity to the extent of 25 per cent. In entering judgment on the verdict, the trial court disregarded and set aside the jury's findings on these two issues on the ground the injury referred to was not compensable. It is undisputed that the June, 1957 injury was non-compensable due to the fact it was received while appellee was engaged in farming activities. Thus the question presented is whether a prior injury referred to in Sec. 12c, Art. 8306 must be a compensable injury in order for the insurer to have the benefit of it as a partial defense where the primary incapacity of the claimant is caused by a general injury. In other words, it must be determined if Sec. 12c applies to the prior non-compensable general injury. Sec 12c as amended reads as follows:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; provided that there shall be created a fund known as the "Second-Injury Fund" hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries."

The law in Texas is well settled that Sec. 12c does apply where the second injury is a specific injury even though the prior specific injury is non-compensable. Gilmore v. Lumbermen's Reciprocal Ass'n, Tex.Com.App., 292 S.W. 204; Miears v. Industrial Accident Board, 149 Tex. 270, 232 S.W.2d 671. The question before us is whether these two cases are controlling in the instant case where the prior non-compensable injury was not a specific injury. The Gilmore case was decided prior to the 1947 amendment to Sec. 12c, but that case settled the law that Sec. 12c is applicable in cases involving specific injuries where the prior specific injury is non-compensable. The Miears case, supra, holds that there is nothing in the 1947 amendment to show a legislative intent to change the law from that stated in the Gilmore case. The Supreme Court in the Miears case pointed out it was not deciding the meaning of "injury" in Sec. 12c, as amended, in cases other than specific injury situations as the question as to general injuries was not raised.

As far as we are able to determine, the Supreme Court has not passed on the specific question presented here. However, several Courts of Civil Appeals and the Commission of Appeals have dealt with this general question. These decisions have uniformly held that in cases not involving specific injuries Sec. 12c does not apply except where there has been a first injury which was compensable under the Workmen's Compensation Act, and that the employers' insurer is liable for all of the disability of which the second injury is a producing cause. Texas Employers' Ins. Ass'n v. Clark, Tex.Civ.App., 23 S.W.2d 405 (writ dismissed); Texas Employers' Ins. Ass'n v. Parr, Tex.Com.App., 30 S.W.2d 305; Casualty Reciprocal Exchange v. Dawson, Tex.Civ.App., 81 S.W.2d 284 (writ dismissed); Texas Indemnity Co. v. Mc-New, Tex.Civ.App., 90 S.W.2d 1115 (writ dismissed); Texas Indemnity Ins. Co. v. Arant, Tex.Civ.App., 171 S.W.2d 915 (writ refused w. o. m.); Texas Employers' Ins. Ass'n v. Upshaw, Tex.Civ.App., 329 S.W.2d 144 (n. r. e.).

These cases clearly hold contrary to appellant's position. If it were not for language in other cases that seems to cast doubt upon the correctness of the cases cited above, we would have no difficulty in overruling appellant's point of error dealing with the applicability of Sec. 12c. For example, Justice Hart writing in the Miears case used the following language:

"We need not attempt to resolve the apparent conflict between the cases just cited (same cases we have cited above with the addition of the Upshaw case) and the Gilmore case because in our opinion the Gilmore case has settled the law that Sec. 12c is applicable to cases involving specific injuries as in this case and there is nothing in the 1947 amendment to show a legislative intent to change the law in this respect." [232 S.W.2d 674.]

We would also refer to language used in Texas Employers' Ins. Ass'n v. Sevier, Tex.Civ.App., 279 S.W.2d 473, 478 (n. r. e.) rendered before the Upshaw case, supra, and after the Miears case. That case also involved a prior non-compensable injury which was pleaded as a defense by the insurance carrier. The jury found this prior injury received in an automobile accident had not contributed to the incapacity. In discussing this feature of the case, the Eastland court used the following language:

"No issues were submitted nor was there any evidence concerning the compensability of the injury sustained by appellee in the 1951 car wreck. There was an issue inquiring whether the prior injury contributed to the disability for which appellee seeks compensation. If a prior injury contributes to a disability which follows a second injury, recovery is reduced by the amount of the contribution regardless of whether or not the prior injury was compensable."

The court then cited the Miears case as authority for the quoted statement.

Although both paragraphs quoted above are dicta, it does, in our opinion, cast some question upon the correctness of the holdings of the line of cases cited above. In its brief, appellant acknowledges these cases hold contrary to its contention, but it forcibly argues that it believes no distinction should be made between general and specific and compensable and non-compensable injuries in determining the applicability of Sec. 12c. However, since this case was briefed and submitted, the Supreme Court has made a distinction between general and specific injuries as it pertains to Secs. 12c, 12c–1 et seq. of Art. 8306. Second Injury Fund et al. v. Keaton, Tex.1961, 345 S.W.2d 711, 715. The court there held:

"Neither combinations of general injuries nor injuries resulting in partial disability are compensable from the Second Injury Fund."

Although the court in the Keaton case did not discuss the question of compensability of the prior injuries, we are of the opinion

that when the case is considered in connection with the Gilmore and Miears cases it has the effect of limiting the applicability of Sec. 12c. · We therefore do not feel disposed to depart from that line of decisions which hold that in order for Sec. 12c to be applicable as a defense, the prior general injury must have been compensable. Since the June, 1957 injury sustained by appellee was admittedly a non-compensable general injury, we conclude that the trial court did not err in disregarding the jury's answers to Special Issues Nos. 21 and 22.

■■ Appellant further urges that there is no evidence to support the jury finding that the April 30, 1959 injury caused total and permanent disability. It seems to be appellant's position that if the subsequent September, 1959 injury contributed, as found by the jury, to appellee's incapacity he could not have been totally and permanently disabled by the April, 1959 injury. Appellant cites no case in support of this contention and we have found none. The issues inquiring if and to what extent the September injury contributed to appellee's incapacity are based on the evidence and appellant's own pleadings. The record reveals appellant made 'no objection to the submission of these issues. After reviewing the record, we conclude the evidence supports the jury finding that appellee sustained total and permanent disability as the result of the April, 1959 injury. There may be more than one producing cause of incapacity. An injury may be a producing cause of total permanent disability even though other injuries contribute thereto. Texas Employers' Ins. Ass'n v. Burnett, 129 Tex. 407, 105 S.W.2d 200; Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026; Texas Employers' Ins. Ass'n v. Upshaw, supra. Under the facts and circumstances before us, appellant can not complain as such finding reduced the amount of the judgment against it by 5 per cent.

Being of the opinion the record reflects. no reversible error, the judgment of the trial court is affirmed.