Calvin MAYFIELD, Appellant,

v.

**EMPLOYERS REINSURANCE CORPORATION, Appellee.**

No. 957.

Court of Civil Appeals of Texas, Tyler.

July 29, 1976.

Rehearing Denied Aug. 26, 1976.

Bill D. Rosenstein, Stephens, Corn & Rosenstein, Tyler, for appellant.

Byron L. Falk, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

DUNAGAN, Chief Justice.

This workmen's compensation case involves the admissibility of evidence of other injuries than the one sued upon and the sufficiency of the evidence to support the jury's finding that the claimant was not injured on the day in question. We affirm the judgment of the trial court.

Calvin A. Mayfield claimed that he was injured on July 24, 1973, when boxes which he was stacking for Texas Tubular Products fell on him. The award of the Industrial Accident Board was appealed by Employers Reinsurance Corporation, the insurer of Texas Tubular Products, to the 7th Judicial District Court.

Mayfield's treating physician, Dr. E. L. Mahon, testified that Mayfield was suffering from neck and back strain and dysuria (difficulty in urination). He further testified that the July 24, 1973, injury was a cause of this incapacity and that other injuries were not the sole cause of this incapacity. Employers Reinsurance Corporation then made reference to and introduced evidence of other injuries to Mayfield's back, neck and head. There followed testimony from the examining physician and a co-worker which tended to show that Mayfield had not suffered an injury on July 24, 1973.

The jury, in response to Special Issue No. 1, found that Mayfield was not injured on July 24, 1973. A take nothing judgment was rendered thereon and Mayfield has perfected this appeal from that judgment.

Appellant's points of error are divisible into two basic categories, to-wit: (1) whether evidence of other injuries was improperly admitted; and (2) whether the jury's finding that appellant was not injured on July 24, 1973, was contrary to the great weight and preponderance of the evidence. Appellant also argues that the evidence of other injuries caused the jury to believe that ap-

pellant was a chronic claimant and to find that he was not injured on July 24, 1973. We recognize that danger and therefore deal first with the question of the admissibility of the evidence of other injuries.

Appellant's first point is that all evidence of other injuries to a compensation claimant is inadmissible until the defendant has first established by expert medical testimony that the claimant's present incapacity was caused solely by those other injuries; i. e., that before any reference may be made to other injuries, such evidence must be predicated upon medical testimony that those other injuries were the sole cause of the claimant's incapacity.

■ "The only reason evidence of other injuries is admissible at all in a compensation case is that it might have some bearing on the question of whether the injury sued on is the producing cause of any incapacity claimed." *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331, 337 (Tex.1963). If other injuries than the one sued on caused the present incapacity, a defense to the action exists under Tex.Rev. Civ.Stat.Ann. art. 8306, Sec. 12c (Supp. 1976). *See Hartford Accident and Indemnity Co. v. McCardell,* supra, at 336. The 1971 amendment of that provision limited that defense to instances when the other injuries constituted the *sole* producing cause of the claimant's incapacity. *Texas Employers' Ins. Ass'n v. Haunschild,* 527 S.W.2d 270 (Tex.Civ.App., Amarillo 1975, writ ref'd n. r. e.). Thus, evidence of other injuries would seem to be admissible only if offered for the purpose of establishing those injuries as the sole producing cause of the present incapacity. Appellant's first point, however, turns on the necessity of a *predicate* for such evidence rather than the *purpose* for which such evidence is offered. Appellant cites no authority for the necessity of such a predicate and we have found none. The establishment of any causal relationship between other injuries and present incapacity would be extremely difficult without some reference to or evidence of those injuries. We overrule this point.

Appellant's second point contends that the trial court erred by admitting into evidence copies of notices of injuries which he had filed with the Industrial Accident Board. Before discussing this contention, it will be helpful to describe the contents of those documents.

1965 injury. The notice of this injury lists M. Clint Brown Co. as appellant's employer and contains the following description of the accident: "[w]hile handling heavy pipe and severely stressing and straining, (appellant) severely injured his entire back and spine. . . ."

1966 injury. This injury occurred when appellant was employed by Hill Bros. Fuel Oil Company. The notice of injury states that while working inside a tank, appellant fell and hurt his back and legs.

1967 injury. The description of this accident states that while appellant was unloading steel, he tripped and the piece he was carrying fell on him and injured his back.

1970 injury. This injury occurred when appellant was employed by Petroleum Dehydrating Company. According to the notice of injury, appellant was cleaning the inside of an oil storage tank when a motorized scoop hit him in the head and neck and injured his head, neck, back and body generally.

1971 injury. The notice of injury lists Henderson Clay Production as the employer. The notice states that while stacking bricks, appellant "fell off a 5 foot high car with brick falling down on top of [him] permanently injuring all nerves, leaders and ligaments in [his] back. . . ."

May 1973 injury. This notice of injury states that appellant was employed by the Flanders Chemical Company and that while unloading chemicals from a truck, appellant slipped and fell 8 to 10 feet to the ground. Appellant claimed an injury to his neck, arms, back and his body in general.

These notices were offered into evidence as a group during the cross-examination of appellant. The only objection to the introduction of that evidence was " . . .

that it's not relevant to the matter before us; that it's highly prejudicial; and it's an attempt to prove prior claims . . . ."

Appellant's objection was basically that the documents were "irrelevant". Such a general objection does not enable the trial court to make an intelligent ruling or permit the offering party to remedy the defect and is, therefore, insufficient to require consideration by an appellate court. *Citadel Construction Company v. Smith,* 483 S.W.2d 283, 286 (Tex.Civ.App., Austin 1972, writ ref'd n. r. e.); *Traders & General Ins. Co. v. Haney,* 312 S.W.2d 690, 692 (Tex.Civ. App., Fort Worth 1958, writ ref'd n. r. e.); 1 McCormick and Ray, Texas Law of Evidence, Sections 24 and 25 (1956). We conclude that thè trial court properly overruled appellant's objection as too general. The record indicates that appellant's complaint regarding this evidence was, more specifically, that it could have no bearing on whether the injury sued on caused the present incapacity. Assuming that the trial court so understood appellant's objection, we nevertheless affirm the overruling thereof because that evidence could have had such a bearing.

Whether evidence of injuries other than the one sued on might have some bearing upon the cause of the present incapacity should be determined by the nature of those other injuries. For example, a prior hand injury could have little, if any, bearing on the cause of a back incapacity. The injuries described in these notices, however, each involved appellant's back and could have been the cause of the alleged incapacity. Evidence of other back injuries similar to the one sued on has been held admissible in a workmen's compensation case. *See Hartford Accident and Indemnity Co. v. McCardell,* supra, at 338. Appellant argues that the absence of medical testimony establishing a causal connection between the prior back injuries and the present back incapacity rendered the notices inadmissible. We disagree. Evidence of other injuries is admissible if it *might* have some bearing on the question of whether the injury sued on is the producing cause of any incapacity

claimed. *Hartford Accident and Indemnity Co. v. McCardell,* supra, at 337. While such medical testimony might be necessary when the possibility of the causal connection is not apparent, that possibility was manifest here.

■ Appellant's second point also complains that the notices of injury were hearsay and, therefore, inadmissible. Although this ground may well have been valid as to at least some of those documents, this objection was never made in the trial court. Failure to make a proper objection to evidence which is inadmissible because in violation of one of the exclusionary rules operates as a waiver of any complaint based on the admission of that evidence. *Eubanks v. Winn,* 469 S.W.2d 292, 296 (Tex.Civ.App., Houston [14th Dist.] 1971, writ ref'd n. r. e.); 1 McCormick and Ray, Texas Law of Evidence, Sec. 31 (1956). We overrule this portion of appellant's second point, as well as appellant's fourth point, on the ground that appellant waived any error by failure to object.

Appellant's third point is that the trial court erred in admitting testimony showing the fact and amount of other settlements. Appellant argues that such evidence is inadmissible for any purpose.

The testimony referred to was that of appellant on cross-examination. This testimony was to the effect that appellant had settled an August 1974 injury for $850, a May 1973 injury for $750, and a February 1973 injury for $1,400. Appellant's objection to the first question about settlements was overruled and the jury was instructed to consider the evidence only on the issue of whether any compensation should be paid in a lump sum.

■ Evidence of other settlements recently received by a compensation claimant is admissible when the claimant seeks a lump sum recovery, rather than installments, on grounds of hardship. *Jones v. Travelers Insurance Co.,* 374 S.W.2d 779, 783 (Tex.Civ.App., Beaumont 1964, writ ref'd n. r. e.); *General Accident Fire and Life Assurance Co. v. Coffman,* 326 S.W.2d 287, 291 (Tex.Civ.App., Waco 1959, writ ref'd n. r. e.). Here, appellant sought a lump sum recovery on grounds that installment payments would result in a hardship. Also, the only settlements inquired about in the presence of the jury were received within three years of the trial. We conclude that this evidence was admissible on the fact issue of hardship.

The fifth and final evidentiary point complains of references and inquiries as to whether other injuries occurred "on the job." Appellant argues that such references and inquiries were intended to establish a connection between other injuries and the fact of employment rather than between other injuries and the cause of the present incapacity.

■ Evidence that other injuries occurred when appellant was employed would not have any bearing on whether the injury sued on was the cause of the alleged incapacity; this evidence was inadmissible under *Hartford Accident and Indemnity Co. v. McCardell,* supra. We cannot, however, agree with appellant's conclusion that the evidence that some of the injuries occurred "on the job" prejudiced the jury against him.

The jury was aware, through other admissible evidence, of eleven other similar injuries to, and several claims by, appellant. The fact that seven of these injuries occurred on the job would not, in itself, cause the jury to believe that appellant was a chronic claimant. While evidence of the occurrence of eleven other injuries and claims could so prejudice a jury, evidence of the location of those occurrences could not. We conclude that any error in admitting evidence that some of the other injuries occurred on the job did not amount to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.Civ.P. 434. We overrule this point of error and turn to appellant's sixth point attacking the finding of the jury.

■ Special Issue No. 1 inquired "[d]o you find from a preponderance of the evi-

dence that on or about the 24th of July, 1973, the Plaintiff, Calvin A. Mayfield, sustained an injury to his body?" The jury's answer, "[w]e do not", made further answers unnecessary. Appellant contends that the jury's answer to Special Issue No. 1 was against the great weight and preponderance of the evidence. We must weigh all of the evidence in the case in determining this point. *In re King's Estate,* 150 Tex. 622, 244 S.W.2d 660, 662 (1951).

Appellant testified as follows: that on July 24, 1973, he was stacking boxes for Texas Tubular Products; that each box weighed at least 175 pounds; that he was stacking the boxes "nine, ten and eleven high" when "something pulled aloose in the low part of my stomach, and I felt a hot pain, and my back also started hurting, and I fell and the box fell on me"; that the box struck him on the low part of his stomach; and that he was taken to a hospital where he was examined by Dr. Orten.

Ira Lampkin, who was working with appellant on July 24, 1973, testified that each box weighed approximately 50 pounds and was stacked four or five high. Lampkin stated that he turned around and saw appellant lying on the floor but that he neither heard nor saw any fallen boxes. On cross-examination by appellant, Lampkin stated that he was unable to say whether or not appellant had an accident on July 24, 1973.

Dr. Orten testified upon direct examination by appellee that he could not find anything wrong with appellant on July 24, 1973, and instructed him to return to work. Dr. Orten further testified that he prescribed a muscle relaxant because appellant said his back hurt but that he (Dr. Orten) "could find no evidence of any injury."

On July 27, 1973, appellant was examined by Dr. Mahon who testified that appellant had pain and tenderness in the lower stomach area and pain and limited motion in the lower back. Dr. Mahon also stated that he felt that appellant was having bladder problems and muscle or ligament strain in the neck and lower back. On cross-examination Dr. Mahon testified that the urolo-gist to whom he had sent appellant for the bladder problem could not discover any problem. Dr. Mahon further testified that his opinion regarding appellant's July 24, 1973, injury was necessarily based upon appellant's statements.

We have thoroughly examined the whole record. On the basis of that examination, we cannot say that the jury's finding to Special Issue No. 1 was so contrary to the great weight of the evidence as to be manifestly unjust.

Accordingly the judgment of the trial court is affirmed.