**Jessie M. GRIFFIN, Appellant,**

v.

**NEW YORK UNDERWRITERS INSURANCE COMPANY, Appellee.**

**No. 6050.**

Court of Civil Appeals of Texas, Waco.

Jan. 24, 1980.

Roger Knight, Jr., Madisonville, Joe Falco, Jr., Bond & Falco, Navasota, for appellant.

William C. Book, Jr., and Hal Upchurch, Tekell, Book & Matthews, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Griffin from a take-nothing judgment in a worker's compensation case.

Jessie Griffin was an employee of Maddox Furniture Company and New York Underwriters was the insurance carrier. Ms. Griffin alleged that on December 11, 1975 she injured her low back when she tried to close the cushion machine she was operating.

Trial was to a jury which answered Issue 1 as follows:

"Do you find from a preponderance of the evidence that Plaintiff Jessie M. Griffin, received an injury on or about December 11, 1975?

"Injury means damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom, or the incitement, acceleration or aggravation of any disease, infirmity or aggravation of any disease, infirmity or condition, previously or subsequently existing, by reason of such damage or harm.

"Answer: We do not."

Other issues submitted were conditioned on an affirmative answer to Issue 1 and were not answered. The trial court rendered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on 3 points, contending the jury's answer to Issue 1 is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

We must weigh all the evidence in the case in determining this contention. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

Plaintiff went to work at Maddox Furniture Manufacturing Company on December 4, 1975 and on December 11 at 9:30 AM reported to her foreman that she had hurt her back while operating a cushion filling machine. There was no witness to the alleged accident. She was sent to Dr. Boehm who examined her within thirty minutes of her alleged injury.

Her history as related to Dr. Boehm was that "she hurt herself on the job at Maddox a few minutes ago. It has been bothering her since Monday. She says she is doing a man's job. She thinks she wants to quit; apparently a musculoligamentous strain in the lumbar area of her back". She saw Dr. Boehm again on December 15, and he admitted her to the hospital with a tentative diagnosis of "Acute Herniated Nucleus Pulposus". She remained in the hospital for four days. Dr. Boehm thereafter changed his diagnosis to "sciatica", and testified plaintiff had recovered and could return to work in July, 1976.

Plaintiff had been discharged from the hospital on December 2, nine days before December 11, after treatment for a urinary tract and kidney infection.

Dr. Boehm testified it was entirely likely that plaintiff's pain was caused by a sprained muscle that she had for several months.

Plaintiff had no herniated disc and no objective evidence of any physical injury as of December, 1976, and of course has had no surgery on her back.

Plaintiff injured her back when she fell off a porch in 1972, and suffered injury to her back in a car wreck in 1973; yet in her application for employment with Maddox answered the question: "Have you ever had a *back complaint* or *back injuries* on or off the job? No."

Plaintiff testified that she injured her back while working on the cushion machine.

The jury were the judges of the credibility of the witnesses and of the weight to be accorded to their respective testimonies.

The evidence is conflicting and the jury could well and properly have answered Issue 1 in the affirmative, but they did not.

Weighing the evidence in support of as well as against the answer to Issue 1, we cannot say that such answer was so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, supra; *Mayfield v. Employers Reinsurance Corp.*, Tex. Civ.App. (Tyler) NRE, 539 S.W.2d 398; *Reed v. Aetna Casualty & Surety Co.*, Tex. Civ.App. (Beaumont) NRE, 535 S.W.2d 377; *Sallee v. Texas Employers Ins. Assn.*, Tex. Civ.App. (Waco) NWH, 574 S.W.2d 223.

Plaintiff's points are overruled.

AFFIRMED.