**DIRECTOR, STATE EMPLOYEES WORKERS' COMPENSATION DIVISION, STATE of TEXAS, Appellant,**

v.

**Martha T. WADE, Appellee.**

No. 09–88–328 CV.

Court of Appeals of Texas, Beaumont.

March 22, 1990.

As Corrected April 2, 1990.

Rehearing Denied April 26, 1990.

Rick DeHoyos, Asst. Atty. Gen., Austin, for appellant.

Jeff B. Badders, Badders & Badders, Nacogdoches, for appellee.

## OPINION

WALKER, Chief Justice.

This is an appeal from a final judgment in a workers' compensation case in which the plaintiff in the trial court asserted entitlement to workers' compensation benefits. Trial to a jury was held on August 22, 1988.

The jury found that plaintiff's injury of July 18, 1984 was a producing cause of total incapacity in their response to special question number one. The jury found the beginning date of such incapacity to be July 18, 1984 in response to question number two and further found the duration of such injury to be permanent in response to question number three.

A final judgment was signed on September 12, 1988 and a timely motion for new trial was requested by appellant. The motion for new trial was heard on October 26, 1988 and was denied on November 2, 1988. Appellant has duly perfected its appeal to this Court.

The record in this case reflects that the appellee had a history of knee-related problems going back as far as childhood. According to the medical testimony at the time of trial, most of these pre-injury problems were related to arthritis and degenerative changes in appellee's knees. The particular injury which is the subject matter of this suit, occurred on July 18, 1984 when the appellee fell at work and upon medical examination was diagnosed as having bruised knees and elbows.

Appellant contends on appeal that the trial court erred in excluding evidence of

prior knee problems, because the admissibility of such evidence does not depend on establishing a "sole cause" defense as a predicate and that the trial court erred in requiring the appellant to lay a predicate before evidence of appellee's pre-existing knee problems due to arthritis was admissible. Appellant attempted to introduce evidence that appellee's knee problems began as a child and continued through 1977. The trial court excluded this offer. The appellant, during the course of the trial, attempted to develop evidence that in 1982, the arthritic condition of appellee's knees was so bad that surgery was performed which resulted in a 20% impairment to her right knee. This was also excluded by the trial court. The trial court also excluded evidence of a 1983 on the job fall and the additional effects thereof upon appellee's arthritic condition.

■ Throughout the trial, the appellant attempted to offer evidence relating to the prior arthritic condition of the appellee, to which objection was made by the appellee's attorney that such offer was in violation of the previously granted motion in limine. This apparently continued until such time that the trial court had to admonish counsel for the appellant. We can readily see the frustration facing appellant's counsel to prove a sole cause defense to the court prior to admission of any evidence of pre-existing condition. This frustration, however, should never reach the level of carte blanche violations of any court orders. It is best handled by simply preserving error and moving on.

■ This Court can find no authority for the requirement that a sole cause defense must be proved to a court before evidence of pre-existing condition is admissible. This question was addressed in the case of *Mayfield v. Employers Reinsurance Corp.*, 539 S.W.2d 398 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.) wherein the court stated:

"Appellant cites no authority for the necessity of such a predicate and we have found none. The establishment of any causal relationship between other injuries and present incapacity would be *ex-tremely difficult* without some reference to or evidence of those injuries." (emphasis ours).

■ The appellant in *Mayfield* argued as does appellee in our case, that a predicate was necessary before evidence of prior injury was admissible. This is clearly not the law, and the trial court's requirement of such a predicate was error. The appellee had been under continuous treatment for her knee injuries and, after a certain date, would have returned to work, according to her own doctor's testimony, if she was not suffering from arthritis. This is the type of evidence that could have effectively countered appellee's evidence on producing cause and was certainly admissible.

Appellee contends that medical evidence was a necessary predicate and prerequisite before appellant could place such evidence before the jury. Appellee argues that appellant had a burden of presenting evidence that the prior knee problems either contributed to or were the sole cause of appellee's incapacity to work before any mention of prior knee problems could be made at trial. Appellee also contended that appellant had to present independent evidence that appellee was able to work or not able to work before this burden of admissibility was met. The trial court denied evidence of prior knee problems on the ground that the causal connection required was testimony from medical experts that the prior knee problems caused by arthritis contributed or were the sole cause of appellee's present incapacity to work. This requirement by the trial court went too far in that it required appellant to produce medical testimony or evidence in virtually exact and precise wording.

■ The Texas Supreme Court has long held that incapacity and disability can be a question answered inferentially by a jury either through circumstantial evidence or lay witness testimony even if contradicted by testimony of medical experts. *Reina v. General Accident Fire & Life Assurrance Corp., Ltd.*, 611 S.W.2d 415 (Tex.1981). This case makes it clear that a jury is entitled to decide causation with or without

medical testimony in areas of common experience.

■ Furthermore, the medical expert need not use exact magic words that an injury or condition was a producing cause of incapacity. *Royal Globe Ins. Co. v. Suson*, 626 S.W.2d 161 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.).

We are of the opinion that sufficient evidence was offered and excluded at the trial below which may have established the causal connection between arthritis and appellee's present incapacity. The appellee herself established that she suffered an injury which aggravated the pre-existing condition of arthritis and that such was a producing cause of some incapacity. Given the medical testimony that osteoarthritis gets worse, common experience would have allowed a jury to infer that arthritis was a producing cause of appellee's present incapacity. Medical testimony from Dr. David Sanderson that appellee would be in the same condition even if she had not fallen, was sufficient to make the link between appellee's arthritis and her present incapacity. The evidence should have been admitted to allow the jury to make reasonable inferences from same. The prior arthritis and the surgery performed on appellee's knee were directly related to the primary problems experienced after the alleged injury. As of September, 1984, appellee's primary problem was her right knee and this was the same problem she had experienced before the alleged injury. At this point, the causal connection was manifest. The only difference was that after September, 1984, appellee had decided not to go back to work.

Assuming the causal connection was not manifest or apparent and that medical testimony was necessary, the trial court erred in excluding evidence of prior knee problems due to arthritis because there was medical testimony to establish the causal connection within a reasonable degree of medical probability. In establishing the causal connection, the Supreme Court has said that:

"Reasonable probability must be determined by considering the substance of the expert's testimony and 'does not turn on semantics or on the use by the witness of any particular term or phase.'" *Schaefer v. Texas Employers Ins. Ass'n,* 612 S.W.2d 199 (Tex.1980).

The medical expert's testimony in this case established the causal connection necessary for admission. Dr. David Sanderson, a treating physician, after the date of injury, testified that all the objective findings pointed to arthritis being the problem and further that the problem with her knees was degenerative arthritis which was the reason she had not been released back to work.

Dr. Ronald Corley testified that prior to July 18, 1984, appellee had osteoarthritis in her right knee and this condition only gets worse over time. On September 10, 1984, the only finding by Dr. Ronald Corley was arthritis of the right knee.

Even appellee's own doctor, Dr. E.L. Mahon, testified that his main objective findings were that appellee suffered from valgus deformity of the knees, degenerative arthritis, and bursitis and that he would have returned her to work if her right knee was okay.

We sustain appellant's first point of error.

■ Appellant's point of error number two takes the position that the trial court erred in excluding evidence that appellee's condition would be the same without the injury because such evidence is relevant to the issue of producing cause.

The trial court submitted the following producing cause definition to the jury:

"producing cause means an injury or condition which, either independently or together with one or more other injuries or conditions, results in incapacity and *without which such incapacity would not have occurred when it did.*" (emphasis ours).

Appellant, in his brief, argues that this definition included an inference on sole cause and before appellee could be successful in showing producing cause, the sole cause inference had to be rebutted. Appellant contends that appellee kept this bur-

den throughout the trial and appellant merely had to show, pursuant to the definition of producing cause submitted, that appellee's incapacity would have occurred when it did even without the July 18, 1984 injury. Appellant contends that it would have successfully met this burden if the trial court had allowed the crucial medical testimony that the appellee would be in the same condition even without the injury. We are impressed with appellant's position in this regard.

Appellant attempted on several occasions to present and establish evidence that appellee would be in the same condition today even if the injury had never occurred. Evidence in this regard was offered through Dr. Ronald G. Corley, Dr. David Sanderson, Dr. E.L. Mahon and even through the plaintiff herself. Nevertheless the trial court excluded such evidence. It is our opinion that such exclusion was error. This medical testimony could have been considered by the jury and could have had sufficient probative force to effectively counter appellee's injury as being a producing cause of her present incapacity after September 10, 1984. Given the definition of producing cause which was presented to the jury in this case, along with the excluded evidence, the jury could have concluded that subsequent to September 10, 1984, the alleged injury would no longer be a producing cause because it would not be one "... without which such incapacity would not have occurred when it did."

We find that the exclusion of this evidence was error and we sustain appellant's point of error number two.

█ Having sustained appellant's points of error one and two and prior to any address of point of error number three, this Court must now determine whether or not the errors committed by the trial court in excluding appellant's evidence was of such a nature as to constitute reversible error. We look to the case of *Charter Oak Fire Ins. Co. v. Levine,* 736 S.W.2d 931 (Tex.Civ. App.—Beaumont 1987, writ ref'd n.r.e.) for guidance. That case tells us to look at the entire record of the case before us and conclude whether or not the exclusion of the clearly admissible evidence was such error as to cause or probably cause the rendition of an improper judgment. For further guidance, we look to Rule 81(b)(1):

"(1) *Civil Cases.* No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case, ...."

There can be no absolute and emphatically correct determination of what the jury sitting as fact finders in this case, may or would have concluded and determined having had the full benefit of all the excluded evidence. Nor can we know or ascertain what impact having admitted such admissible evidence would have had upon the way and manner the trial court would have submitted it's charge to the jury. As stated in the *Charter Oak* case:

"Whether a piece or string of evidence is admissible before the jury on the issue of the producing cause of total and permanent incapacity is vastly different from whether or not the evidence would support the submission of a series of issues forming a complete defense or a meaningful, partial defense reducing drastically the compensation to be paid. These are two different propositions—vastly different!"

We are of the opinion after review of the entire record that the trial court's exclusion of admissible evidence constituted reversible error. Having reached this conclusion, there is no necessity for addressing appellant's point of error number three, nor addressing appellee's counter point of error number two. This case is reversed and remanded for full trial on the merits.

REVERSED and REMANDED.